**Lewis HILL et al, Appellants,**

v.

**Reverend N. C. SARGENT et al, Appellees.**

**No. 20579.**

Court of Civil Appeals of Texas, Dallas.

April 8, 1981.

James H. Martin, Dallas, for appellants.

E. Brice Cunningham, Dallas, for appellees.

Before ROBERTSON, STOREY and STEPHENS, JJ.

ROBERTSON, Justice.

Plaintiffs, claiming they were the authorized officers of the Faithful Missionary Baptist Church, brought this action to enjoin defendant, Reverend N. C. Sargent, the pastor of the church, from invading their rights of access to and control of the property and equipment of the Faithful Missionary Baptist Church and to enjoin defendant from entering into or on the property of the church. Another group, claiming to be the authorized officers of the church, intervened in the action on the side of defendant Sargent. Sargent and the intervenors, whom we shall refer to as defendants, also sought to enjoin plaintiffs from selling, removing, transferring, or destroying any of the property of the church. At the close of the evidence, both plaintiffs and defendants moved for an instructed verdict. The trial court excused the jury and granted an instructed verdict for defendants enjoining plaintiffs from interfering with the property and business of the church. We affirm.

The Faithful Missionary Baptist Church is a congregational church operating as an unincorporated association. The church operates with a pastor and a group of officers known as the trustees and deacons. The highest authority in the church, other than spiritual authority, is the majority vote of the congregation at the regular and special meetings. The primary question in this case is which of two competing groups of officers is authorized to act for the congregation. The answer to this question depends upon the validity of the meeting at which the group comprising the plaintiffs was removed from office and the group comprising the defendants, other than Reverend Sargent, was elected. That meeting was held on the regularly scheduled date for business meetings of the church, the second Tuesday of the month, November 13, 1979.

■ Plaintiffs urge that the meeting, and therefore the action taken at the meeting, was invalid because they had cancelled the meeting. Defendants respond that plaintiffs did not have the authority to cancel the meeting because the majority vote of the congregation is the highest authority of the church. We express no opinion as to whether plaintiffs had the power to cancel the November 13, 1979 meeting, but sustain defendants' position because, regardless of the events of November 13, 1979, the record reveals that the majority vote of the congregation has repeatedly approved the action taken at that meeting.

■ The civil courts of this country are prohibited by the First Amendment from interfering in the purely ecclesiastical or administrative affairs of a church. *Serbian Eastern Orthodox Diocese for the United States of America and Canada v. Milivojevich*, 426 U.S. 696, 96 S.Ct. 2372, 49 L.Ed.2d 151 (1976). In the *Milivojevich* case the court stated:

Even when rival church factions seek resolution of a church property dispute in the civil courts there is substantial danger that the State will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrinal beliefs. Because of this danger, "the First Amendment severely circumscribes the role that civil courts may play in resolving church property disputes." *Presbyterian Church v. Hull Church*, 393 U.S. 440, 449, 89 S.Ct. 601, 606, 21 L.Ed.2d 658 (1969).

*Milivojevich, supra* 426 U.S. at 709, 96 S.Ct. at 2380. For this reason, we do not determine whether the meeting of November 13, 1979 was a valid or legal meeting under the laws of the Faithful Missionary Baptist Church because for us to make that determination would require the interpretation of ambiguous religious law and usage. The legality of that meeting must be determined by the highest body of authority of the church which, in this case, is the majori-

ty vote of the congregation.[1] *Milivojevich, supra.* The civil courts may entertain this action only to the extent it seeks to enforce the decision of the highest body of the church.[2] *Milivojevich, supra.*

The minutes of the church meetings are in the record and they show that the majority vote of the congregation has repeatedly affirmed the election of defendants and removal of plaintiffs as officers of the church. Under the authorities discussed above, we cannot question that determination. The injunction issued by the trial court merely enforces that determination by restraining defendants from interfering with the property and business of the church.

Plaintiffs next urge that the trial court erred in failing to make findings of fact and conclusions of law. The judgment was signed May 12, 1980. Plaintiffs requested the court to make findings and conclusions on May 12, 1980. Plaintiffs made a second request for findings and conclusions on May 19, 1980.

Appellants have not shown or alleged that they were harmed or prevented from making a proper presentation of their case to this court and therefore the failure of the trial court to make findings of fact and conclusions of law is not reversible error. *DeWeese v. Crawford,* 520 S.W.2d 522 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.); *McClendon v. McClendon,* 289 S.W.2d 640 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.).

Affirmed.

1. We recognize that *Milivojevich, supra* concerned a church of hierarchical polity and that the Faithful Missionary Baptist Church is a church of congregational polity. In the circumstances of the present case, however, we fail to discern a meaningful distinction between the two forms of government for the purpose of applying the First Amendment.

2. There is no allegation in this case that the decision here involved resulted from fraud, collusion, or arbitrariness. *See Presbyterian Church In the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church,* 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed.2d 658 (1969).