George Eugene ROBERTS, Appellant,

v.

Linda Gayle ROBERTS, Appellee.

No. 08–97–00092–CV.

Court of Appeals of Texas,
El Paso.

June 30, 1999.

---

Scott Segall, Julia Martin, Martin & Segall, El Paso, for Appellant.

Paula L. Thomas, Attorney at Law, El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

George Eugene Roberts has appealed from a judgment in a divorce action. We affirm in part and reverse and remand in part.

## PROCEDURAL SUMMARY

In order to resolve the issues presented on appeal, we will review the procedural history in detail even though we repeat some of the facts stated in two earlier, albeit unpublished, opinions. *See Roberts v. Roberts,* No. 08–97–00092–CV (Tex. App.—El Paso January 8, 1998, no pet.); *Roberts v. Roberts,* No. 08–97–00092–CV (Tex.App.—El Paso July 2, 1998, no pet.).

### The Pleadings

The parties were married on September 16, 1976 and separated in November 1989. Wife filed for divorce on May 3, 1994. In her first amended petition filed in 1995, Wife alleged statutory no-fault grounds and fault-based grounds including cruelty and conviction of a felony pursuant to former TEX.FAM.CODE ANN. §§ 3.01, 3.02, and 3.04.[1] The clerk's record does not reveal that she claimed any separate property,[2] although she sought cancellation of a deed and a declaration that the deed was of no

force and effect. Attached to the amended petition as an exhibit is a general warranty deed dated December 9, 1993 which provided for the conveyance of property located at 4500 Aries in El Paso:

THAT [Wife] for and in consideration of the sum of TEN DOLLARS cash, and other good and valuable consideration, to said Grantors [sic] in hand paid by [Husband], of 4500 Aries, EL PASO TEXAS 79924, called the Grantees [sic], the receipt of which is hereby acknowledged, has granted, sold and conveyed, and by these presents does hereby grant, sell and convey unto the said Grantee, one-half (1/2) of her said interest in the following described property [legal description deleted].

Wife's amended petition refers to the Aries property as "the parties' residence."

Husband's cross-action contended that he "owned substantial property before the marriage that should be awarded to him without any interest being awarded to [Wife]."

### The Jury Trial and Verdict

The Honorable Kathleen Cardone, then-judge of the 383rd District Court, presided over the jury trial conducted on July 22 and 23, 1996. The jury was asked to determine:

● whether the marriage had become insupportable;

● whether Husband was guilty of cruel treatment;

● whether Husband had been convicted of a felony, had been imprisoned for at

---

1. The Texas Family Code was recodified and amended by Acts 1997, 75th Leg., R.S., ch. 7, § 1, 1997 TEX.GEN.LAWS 8, eff. April 17, 1997. Former § 3.01(Insupportability) is now TEX. FAM.CODE ANN. § 6.001 (Vernon 1998). Former § 3.02 (Cruelty) is now TEX.FAM.CODE ANN. § 6.002 (Vernon 1998). Former § 3.04 (Conviction of Felony) is now TEX.FAM.CODE ANN. § 6.004. Section 4 of Acts 1997, 75th Leg., ch. 7 provided that "[t]he change in law made by this Act does not affect a proceeding under the Family Code pending on the effective date of this Act. A proceeding pending on the effec-

tive date of this Act is governed by the law in effect at the time the proceeding was commenced, and the former law is continued in effect for that purpose." Acts 1997, 75th Leg., R.S., ch. 7, § 2, Sec. 4, 1997 TEX.GEN. LAWS 43. Accordingly, throughout this opinion, we will refer to the former statutory provisions with parenthetical reference to current codification.

2. Page 10 of the amended petition is missing from the clerk's record.

least one year in a federal penitentiary, and had not been pardoned;

- whether Wife made a conveyance to Husband of the property located at 4500 Aries, El Paso, Texas; and if so,
- whether Wife executed the deed to the property under duress.

The jury found that the marriage had become insupportable, that Husband was not guilty of cruel treatment, that Husband had been convicted of a felony; and that Wife made the conveyance but had not executed the deed under duress.

The jury was also asked to recommend a percentage distribution of the community estate. Certain assets and liabilities were explicitly set forth in the charge, although the Aries property and another parcel of real estate (referred to in the record as the Apollo Heights property) were not enumerated. While the charge listed the face amount of various insurance policies, no cash surrender values were included. No values were set forth for any of the other assets. Current balances for all but one of the liabilities were identified. In response to the question asked, the jury made advisory findings which awarded Wife 100 percent of the enumerated marital assets, with the exception of some personalty in Husband's possession, and saddled her with 100 percent of the designated marital liabilities.

### The Ruling

Judge Cardone was defeated in the general election of November 1996. On December 30, 1996, prior to leaving office, Judge Cardone filed a written "Report and Recommendation in Final Divorce." The report provided: "After a jury was selected and all questions of fact were submitted to the jury and a jury verdict was returned, the following findings and orders are made." Judge Cardone's "findings" tracked the binding jury responses on the grounds for divorce. She implemented the jury's advisory findings that awarded Husband the property in his possession and awarded Wife 100 percent of the remaining marital estate to the extent it was itemized in the charge. She additionally identified the Apollo Heights property as belonging to the community estate and awarded it to Wife. The marital residence at 4500 Aries, El Paso, Texas, without being characterized as either separate or community property, was ordered sold

> by a licensed real estate broker at a price acceptable to [Wife] or by court order; during the pendency of the sale, [Wife] shall have the exclusive use and possession of the home and shall be responsible for all maintenance and upkeep less than $250.00—any repairs over $250.00 shall be deducted from the gross proceeds of the sale of the property before division of the net proceeds to the parties; during the pendency of the sale, [Wife] shall be responsible for all payments for principal, interest, taxes, and insurance and shall be entitled to claim same for income tax purposes; upon sale, the proceeds shall be distributed as follows: reimbursement for repairs over $250.00, reimbursement for reduction of principal by [Wife] from date of judgment to closing, attorneys fees to [attorney for Wife] and [attorney for Husband][3]—net proceeds to be divided as follows: $36,196.28 to [Husband] and balance to [Wife].

The liabilities which had been specifically enumerated in the jury charge were assessed against Wife. Husband was ordered to pay any community obligations incurred solely by him since the date of separation. Finally, Judge Cardone directed the parties to prepare a proposed judgment. She made no findings as to valuation of the assets, whether the evidence justified a disproportionate division of the estate, and

---

**3.** Because it has not been assigned as error, we do not address the propriety of the court-ordered payment of attorneys' fees from the proceeds of the sale of homestead property.

*See Walston v. Walston,* 971 S.W.2d 687, 695 (Tex.App.—Waco 1998, writ denied) and cases cited therein.

if so, what factors were considered in the disproportionate division.

On January 2, 1997, Judge Cardone's successor, the Honorable W. Reed Leverton, entered the decree of divorce which had purportedly been prepared in accordance with Judge Cardone's findings. On January 13, 1997, Husband filed his initial request for findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296. In response to Husband's notice of past due findings, Judge Leverton informed the parties that he could not prepare findings since he had not heard the evidence and requested that Wife's attorney prepare proposed findings and set the matter for hearing. In a subsequent memo, he advised the parties that it would be inappropriate for him to enter findings at all since the matter had been tried to a jury.

### The Appeal

Husband perfected this appeal on March 13, 1997, and the clerk filed her transcript on May 21, 1997. On June 6, 1997, Wife filed a motion to dismiss the appeal because Husband had failed to file a statement of facts.[4] Husband responded by filing his brief in which he challenged Judge Leverton's failure to file findings of fact and conclusions of law as well as the court's division of the marital estate. In a letter filed contemporaneously with the brief, Husband maintained that he would file a statement of facts in the event we abated the appeal and directed Judge Leverton to prepare findings. By order

4. Because this appeal was perfected prior to the effective date of the current Texas Rules of Appellate Procedure, we will utilize the terms relating to the relevant parts of the appellate record as they appeared in the former rules.

5. In the opinion, we noted that a successor judge has the authority to file findings of fact and conclusions of law in a trial heard by his predecessor. *Ikard v. Ikard*, 819 S.W.2d 644, 651 (Tex.App.—El Paso 1991, no writ). We also acknowledged that as a practical matter, most findings are prepared by counsel for the successful party and rarely by the judge who heard the evidence. Still further, we referenced the "findings" made by Judge Cardone.

and unpublished opinion, we abated and directed Judge Leverton to file findings of fact and conclusions of law no later than February 15, 1998. *Roberts v. Roberts*, No. 08–97–00092–CV (Tex.App.—El Paso January 8, 1998, no pet.)(not designated for publication).[5] On February 13, 1998, Husband's counsel informed us that Husband had died. On that same date, Wife filed a motion in which she sought to withdraw her previous motion to dismiss and requested that we remand the cause to the trial court. Husband's counsel eventually joined in that motion. Finding that Husband's death did not render the appeal moot because the decree affected the parties' property rights and Husband challenged the trial court's distribution of the marital assets, we denied the "joint motion for remand" with an opinion.[6] *Roberts v. Roberts*, No. 08–97–00092–CV (Tex.App.—El Paso July 2, 1998, no pet.)(not designated for publication), *citing* Tex.R.App.P. 7.1; *Dunn v. Dunn*, 439 S.W.2d 830, 833–34 (Tex.1969); *Palomino v. Palomino*, 960 S.W.2d 899 (Tex.App.—El Paso 1997, writ denied), and *Novotny v. Novotny*, 665 S.W.2d 171, 173–74 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). We also extended the time period for Judge Leverton to file his findings and conclusions. Judge Leverton, however, has been unable to comply since he did not preside over the trial, did not hear the evidence, and even more problematic, the parties have refused to prepare proposed findings.[7] No statement of facts was ever filed.

6. In that opinion, we noted that we were unable to determine from the motion what relief was actually sought since the motion did not describe what further proceedings were sought in the trial court nor how it would affect the appeal. In short, we could not determine whether the motion sought remand for some limited purpose such that the appeal would ultimately be decided on the merits or whether it sought reversal and remand.

7. Wife's counsel advised Judge Leverton that her client "has directed me to cease divorce proceedings, and to refrain from undertaking any legal action to further such proceedings."

To properly dispose of the appeal, the cause was scheduled for submission and both parties waived oral argument. Accordingly, we now consider the merits of the appeal on the basis of the briefs and the record, such as it is.

## APPLICABLE LEGAL PRESUMPTIONS

 Simply stated, we are presented with an interesting hierarchy of shifting burdens of proof. As we will detail, we begin with the first presumption, i.e. that the property on hand at the time of divorce is community property. However, a presumption of separate property arises where (1) one spouse is the grantor and the other spouse is the grantee; (2) one spouse furnishes separate property consideration and title is taken in the name of the other spouse; or (3) the instrument of conveyance contains a separate property recital. It is the first presumption which is applicable here, the deed from Wife to Husband giving rise to the presumption of separate property by gift. This presumption is rebuttable by parol evidence that the deed was procured through duress or undue influence. Once that claim was made, the burden shifted once again to Husband to establish that the gift was fair and knowingly and voluntarily made. These issues were resolved by the jury in Husband's favor.

### Community Property Presumption

 All property owned or possessed at the time of divorce is presumed to be community property; this presumption is rebuttable by clear and convincing evidence that an asset belongs to the separate estate of one of the spouses. Former TEX.

FAM.CODE ANN. § 5.02 (Vernon 1993)(now § 3.002). It is apparently undisputed that Wife owned the property in question at the time of her marriage to Husband. A spouse, however, may make a gift of separate property to the other spouse. *See Scott v. Scott*, 805 S.W.2d 835, 840 (Tex. App.—Waco 1991, writ denied)(stating that either "spouse may give separate property to the other"); *Bohn v. Bohn*, 455 S.W.2d 401, 405 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ dism'd)("One spouse may make a valid gift of his or her separate property to the other spouse."). Although the deed reflected the payment of $10 and other good and valuable consideration,[8] neither spouse has urged in either the trial court or in this Court that the community estate purchased the property. Thus, the question is whether the deed evidenced a gift.

 Property acquired by gift during marriage is constitutionally and statutorily defined as separate property. *See* TEX. CONST. art. XVI, § 15; former TEX.FAM. CODE ANN. § 5.01(a)(2)(now § 3.001). Because a gift by definition constitutes separate property and not community property, there can be no gift to the community estate. *Jones v. Jones*, 804 S.W.2d 623, 627 (Tex.App.—Texarkana 1991, no writ); *Higgins v. Higgins*, 458 S.W.2d 498 (Tex. Civ.App.—Eastland 1970, no writ). Where a gift is made to the spouses jointly, each spouse retains an undivided one-half interest owned as his or her separate estate. *Bradley v. Love*, 60 Tex. 472, 477 (1883); *Kamel v. Kamel*, 721 S.W.2d 450, 452 (Tex. App.—Tyler 1986, no writ); *McLemore v. McLemore*, 641 S.W.2d 395, 397 (Tex. App.—Tyler 1982, no writ). If the disputed deed is valid, the Aries residence remains separate property, although held

Counsel also advised that Wife was attempting to apply for probate of Husband's will and to seek appointment as a dependent executrix. Specifically, counsel acknowledged that "I have no authority to do any action which could have the effect of divorcing the parties herein." Thus, Wife prohibited her attorney from drafting the findings, Husband's counsel had no client, and the record before us re-

veals nothing concerning a representative for Husband's estate.

8. This language has been held to constitute the usual and customary formal recitation contained within deeds of gift. *See Hall v. Barrett*, 126 S.W.2d 1045 (Tex.Civ.App.—Fort Worth 1939, no writ).

jointly by the separate estates of Husband and Wife as tenants in common.

### *Presumption of Gift*

A gift is a voluntary transfer of property to another made gratuitously and without consideration. *Hilley v. Hilley*, 161 Tex. 569, 342 S.W.2d 565, 569 (1961); *Bradley v. Bradley*, 540 S.W.2d 504, 511 (Tex.Civ.App.—Fort Worth 1976, no writ). Three elements are required to establish the existence of a gift: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property. *Harrington v. Bailey*, 351 S.W.2d 946 (Tex.Civ.App.—Waco 1961, no writ); *Sumaruk v. Todd*, 560 S.W.2d 141 (Tex.Civ.App.—Tyler 1977, no writ). Generally speaking, one who is claiming the existence of a gift has the burden of proof. *Grimsley v. Grimsley*, 632 S.W.2d 174, 177 (Tex.App.—Corpus Christi 1982, no writ). However, where the conveyance is from one spouse to the other spouse, there is a presumption of gift.[9] *Story v. Marshall*, 24 Tex. 305 (1859). Presumptions of separate property also arise where one spouse furnishes separate property consideration and title is taken in the name of the other spouse, *Cockerham v. Cockerham*, 527 S.W.2d 162, 168 (Tex.1975), or the instrument of conveyance contains a "separate property recital." *Henry S. Miller Company v. Evans*, 452 S.W.2d 426, 430–31 (Tex.1970). A recital in an instrument of conveyance is considered to be a "separate property recital" if it states that the consideration is paid from the separate funds of a spouse or that the property is conveyed to a spouse as his or her separate property. While generally speaking, presumptions of separate property are rebuttable, in the absence of allegations entitling the party to equitable relief, such as fraud, accident, or mistake, parol evidence is inadmissible to rebut the presumption created by a significant recital. *Messer v. Johnson*, 422 S.W.2d 908, 912 (Tex.1968). Because the deed at issue here does not contain a separate property recital, the presumption of gift is rebuttable.

By Wife's pleadings and the jury charge, we can discern that Wife attempted to rebut the presumption of separate property and to defeat the effectiveness of the deed by claiming she had executed the deed under duress and that she did not intend to make a gift. A gift by one spouse to another may be set aside if it is induced by duress or undue influence. In such a case, the burden rests with the donee to show that the gift was fair and equitable. We find the general rule to have been well stated in *Bohn*:

> It is recognized that the most dominant influence of all relations is that of husband over wife, and transactions between them, to be valid, particularly as to her, must be fair and reasonable and voluntarily and understandingly made. Such transactions are jealously scrutinized to prevent the wife from being overreached or defrauded by the undue influence or improper conduct of the husband; and when they are brought about by anything amounting to constructive frand [sic] on his part they are viodable [sic] by the wife.

*Bohn*, 455 S.W.2d at 405, *citing* 41 Am. Jur.2d, *Husband and Wife*, § 271. *See also Pace v. McEwen*, 574 S.W.2d 792, 799 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.).

With these presumptions in mind, we turn to the dispositive issue: Has Husband been prevented from properly presenting his case on appeal as a result of the trial court's failure to make findings of fact and conclusions of law on the characterization and valuation of the community and separate property of the spouses? We believe he has.

---

**9.** For an excellent discussion of characterization of marital property and the application of rebuttable and irrebuttable presumptions, *see* Smith, *Characterization of Marital Property*, State Bar of Texas Advanced Family Law Course J 31–44 (1991).

## REFUSAL TO FILE FINDINGS AND CONCLUSIONS

In Point of Error No. One, Husband, citing *Brooks v. Housing Authority of the City of El Paso*, 926 S.W.2d 316 (Tex. App.—El Paso 1996, no writ), asserts that the trial court's failure to file findings of fact and conclusions of law warrants reversal.

### Are Findings Available in Combined Jury/Bench Trial?

 Findings of fact and conclusions of law as a general rule are not available after a jury trial. TEX.R.CIV.P. 296 provides that findings and conclusions are available in any case tried in the district or county court without a jury. In *Baley v. W/W Interests, Inc.*, 754 S.W.2d 313 (Tex.App.—Houston [14th Dist.] 1988, writ denied), the appellate court concluded that it is not reversible error for the trial court to refuse a request for findings after a jury trial where the complaining party suffers no injury. *See also, Cravens v. Transport Indem. Co.*, 738 S.W.2d 364 (Tex.App.—Fort Worth 1987, writ denied). Given the assumption that findings and conclusions are appropriate in a bench trial but not in a jury trial, what happens when the two are combined? Perhaps the suit involves domestic torts and the jury will determine the personal injury or fraud issues while the judge will decide the ultimate division of property. Also, it is not unusual for the court to permit separate trials on the issues of property and custody, with a jury deciding issues of conservatorship and the judge deciding issues of characterization, valuation, and division of property. If one party chooses to appeal from the property division, is s/he entitled to findings and conclusions? If the jury and nonjury portions of the case are conducted via separate trials, findings and conclusions are available in the nonjury trial. *Operation Rescue–National v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 937 S.W.2d 60 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified,* 975 S.W.2d 546 (Tex.1998); *Shenandoah Associates v. J & K Properties, Inc.* 741 S.W.2d 470, 484 (Tex.App.—Dallas 1987, writ denied). When the judgment of the court differs substantially from or exceeds the scope of the jury verdict, findings are also available. *Rothwell v. Rothwell,* 775 S.W.2d 888 (Tex. App.—El Paso 1989, no writ). These cases are a departure from the earlier view espoused in *Conrad v. Judson,* 465 S.W.2d 819 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.) and *Aubey v. Aubey,* 264 S.W.2d 484 (Tex.Civ.App.—Beaumont 1954, no writ). In *Aubey,* the Court noted that it makes no difference that the issues submitted to the jury were advisory only, holding that TEX.R.CIV.P. 296 does not require a trial court to split a trial and make findings on the issues as to which the verdict may be advisory. If at least one of the issues tried in the court below was tried to the jury, the entire trial was to a jury within the meaning of the rules. One more recent opinion has specifically distinguished *Conrad* and *Aubey.* In *Heafner & Associates v. Koecher,* 851 S.W.2d 309, 312–13 (Tex. App.—Houston [1st Dist.] 1992, no writ), the appellee relied upon the older cases to persuade the trial court that there was no need to make findings on an intervention for attorneys' fees because the divorce case had been tried to a jury. The appellate court disagreed:

> Both cases cited by husband are distinguishable from the case at bar. In *Conrad,* no issues were submitted to the judge; the case was strictly a jury trial. The appellant requested findings of fact and conclusions of law, arguing that the court's judgment went beyond the jury findings. The court held that the appellant's argument was without merit in a jury trial.... In *Aubey,* also a jury trial, the trial court refused to file findings of fact and conclusions of law. Even though the jury verdict may have been advisory only, the judgment was consistent with the verdict and the *Aubey* court concluded it was not reversible error for the trial court to refuse to file

findings of fact and conclusions of law....

In the case at bar, the judgment regarding attorney's fees resulted from findings made by the trial court, after a bench trial, independent of the jury's verdict. Therefore, Heafner & Associates has a right to have the trial court file findings of fact and conclusions of law in order to urge error on appeal.

In this case, the jury findings on the grounds for divorce and the validity of deed were binding on the court while the percentage distribution of the community estate was merely advisory. We conclude that Husband was entitled to findings of fact relating to the property division.

### What Findings are Available in Divorce Proceedings?

■ The courts of appeals are inconsistent in their discussions of what findings are available to an appellant, particularly in the divorce context. Without question, the court must make findings on each material issue raised by the pleadings and evidence, but not on evidentiary issues. Findings are required only when they relate to ultimate or controlling issues. *Dura–Stilts Company v. Zachry*, 697 S.W.2d 658 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Loomis International, Inc. v. Rathburn*, 698 S.W.2d 465 (Tex.App.—Corpus Christi 1985, no writ); *Lettieri v. Lettieri*, 654 S.W.2d 554 (Tex. App.—Fort Worth 1983, writ dism'd).

Special problems can arise in divorce appeals where the ultimate issue is whether the property has been divided in a just and right manner. *Id.* However, any question that can properly be submitted to a jury should be worthy of a finding by the judge in a bench trial. Since jury findings as to both characterization and valuation of property are binding upon the trial court [10], findings of fact on those issues should be available in a bench trial. In *Jones v. Jones*, 699 S.W.2d 583 (Tex.App.—Texarkana 1985, no writ), the Court determined that it was Mr. Jones' burden to request additional findings of fact to establish the specific valuation of the various community property assets and liabilities used by the trial court. The underlying assumption is, of course, that Jones was entitled to obtain findings on the value of assets. In *Wallace v. Wallace*, 623 S.W.2d 723 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ dism'd), the Court determined that the trial court does not have to make findings listing the value of each item. Nor does it have to list the factors which were considered in dividing the property because the factors to be considered are not issues of fact to be determined by the trier of fact. Here, too, however, the court was quite verbal about the appellant's responsibility to request additional findings as to values, which the appellant had not done.

It is difficult for us to see just how a court of appeals can determine the fairness of the division without findings as to the values of the assets. The *Wallace* opinion states that it is the burden of the parties to introduce evidence as to the values of the assets whereby a range of value can be determined by the trial court. But if the wife introduces a value of $250,000 while the husband values an asset at $50,000, it is difficult if not impossible to determine overall fairness without knowing what value the trial court assigned. Further, there is no way to determine that the court assigned a value within that range at all.

Many appellate lawyers found a ray of hope in *Joseph v. Joseph*, 731 S.W.2d 597 (Tex.App.—Houston [14th Dist.] 1987, no writ). There, the appellant/husband appealed from the property division and

---

**10.** *Cockerham v. Cockerham*, 527 S.W.2d 162, 173 (Tex.1975)(although the trial court has discretion in dividing the property of the spouses and in disregarding advisory answers of the jury, it may not ignore the jury's answers which extend to issues of fact from which the status of property is determined); *Archambault v. Archambault*, 763 S.W.2d 50, 51 (Tex.App.—Beaumont 1988, no writ)(a jury's determination of value is binding on the trial court).

timely requested findings of fact and conclusions of law. The trial court failed to file any. This omission was properly called to the court's attention, but still none were filed. While the opinion turns on the question of failure to file properly requested findings rather than whether the appellant was entitled to findings on value, the conclusion is unmistakably clear: the appellant was jeopardized by the trial court's failure to make findings on value. The values of three properties were in dispute and the value of each property differed depending on the appraisal method utilized. The evidence indicated that one asset could be appraised at $246,000 value-in-place or at $40,000 fair market value. The Court concluded that the appellant had been placed in an unjust position of guessing at the valuation methods used when attacking the property division as an abuse of discretion. It further noted that he would have to presume a value when he attacked the valuation method as improper. Thus, he had suffered harm in the presentation of his appeal. The cause was reversed and remanded for a new trial.

The First District Court of Appeals in Houston remains unpersuaded by the *Joseph* philosophy and has adhered to the *Wallace* decision. In *Finch v. Finch*, 825 S.W.2d 218 (Tex.App.—Houston [1st Dist.] 1992, no writ), the Court reiterated that the values of the properties are evidentiary to the ultimate issue of whether the trial court divided the properties in a just and right manner and that it is the responsibility of the parties to provide the trial judge with a basis upon which to make the division. Justice Michol O'Connor has since determined that the *Finch* decision was erroneous. *Rafferty v. Finstad*, 903 S.W.2d 374, 379 (Tex.App.—Houston [1st Dist.] 1995, writ denied)(O'Connor, J., dissenting)("Even though I was a member of that panel, I now believe that decision was wrong. In a case like this, with complicated complaints regarding the separate and community assets and claims of reimburse-

ment, it is not possible to show error without specific findings.").

Of significance to this ongoing debate is legislation proposed by the Family Law Section of the State Bar of Texas during the past two legislative sessions. The proposed amendments to the Family Code would have required the trial court to make findings of fact in a divorce as to the characterization and valuation of community assets. This effort at a legislative solution has failed both times.

■ Because we believe that an appellant cannot demonstrate that a trial court abused its discretion in making a just and right division of the community estate without being able to quantify the size of the community pie or just how large a slice each spouse was served, we conclude that an appellant is entitled to findings on characterization and valuation when error is preserved.

### *Has Husband Preserved Error Here?*

■ Unique to this case is the impact of a judicial election in the 383rd District Court. Judge Cardone was clearly attempting to dispose of the matter before she left the bench and to apprise the parties and her successor of her ruling. We pause briefly to discuss the language in her written Report and Recommendation in Final Divorce which provides: "After a jury was selected and all questions of fact were submitted to the jury and a jury verdict was returned, the following *findings* and orders are made." [Emphasis added.] We must initially determine whether these "findings," which pre-date the final decree of divorce, may be treated as formal findings of fact pursuant to TEX. R.CIV.P. 276.

TEX.R.APP.P. 27.2 provides that an appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed. In other words, an argument could be made that we may

treat Judge Cardone's report and recommendation, and the "findings" enumerated therein, as if they were formal findings of fact and conclusions of law filed after the final decree of divorce was signed. While these "findings" detail the grounds for divorce, the ultimate division of the marital estate, and the sale of the parties' residence, they do not characterize the residence, assign valuations to the assets, or disclose whether a disproportionate division was intended and if so, what factors justified it.

■■■ Common experience dictates that frequently in a bench trial, the court takes the matter under advisement and later issues a letter or other memorandum of decision in which it states its ruling. For us to construe Judge Cardone's report as constituting formal findings jeopardizes the legitimate rights of appellants to timely pursue formal findings under the rules, which must be requested within twenty days of the date the judgment is signed. If we label the memorandum of decision as findings, then either party had a period of ten days from the date the findings were filed (December 31, 1996) in which to request *specified* additional or amended findings or conclusions. This would make Husband's deadline January 10, 1997 (ten days from December 31, 1996), rather than January 22, 1997 (twenty days from the date the judgment was signed, to-wit January 2, 1997). When a party fails to timely request additional findings of fact and conclusions of law, it is deemed to have waived the right to complain on appeal of the court's failure to enter additional findings. *Briargrove Park Property Owners, Inc. v. Riner*, 867 S.W.2d 58, 62 (Tex.App.—Texarkana 1993, writ denied); *Cities Services Co. v. Ellison*, 698 S.W.2d 387, 390 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Such a construction appears to us to obviate Rule 296 and constitutes an injustice. Indeed, one appellate court has

determined that a trial court's memorandum of decision does not constitute formal findings. *Texas Const. Group, Inc. v. City of Pasadena*, 663 S.W.2d 102, 105 (Tex. App.—Houston [14th Dist.] 1983, writ dism'd).

We must also emphasize that although Judge Cardone served as a family court master [11] prior to her appointment to the 383rd District Court, the report here was made in her capacity as a sitting district judge, and not as an associate judge appointed pursuant to Subchapter A of Chapter 201 of the Family Code. Section 201.013(b) provides that if an appeal to the referring court is not filed or the right to an appeal to the referring court is waived, the findings and recommendations of the associate judge become the order of the referring court only on the referring court's signing an order conforming to the associate judge's report. No appellate court has addressed the inquiry of whether the findings of the associate judge may be considered as "findings of fact" of the referring court as contemplated by Rule 296, nor are we in a posture to make such a determination here.

Accordingly, we decline to construe Judge Cardone's report as formal findings. Because Husband timely filed both his initial and reminder requests, he has preserved error for review.

### Do We Apply the Presumption of Harm?

■■■ As a general rule, the failure of the trial court to file findings of fact constitutes error where the complaining party has complied with the requisite rules to preserve error. *Wagner v. Riske*, 142 Tex. 337, 342, 178 S.W.2d 117, 119 (1944); *Martinez v. Molinar*, 953 S.W.2d 399, 400–01 (Tex.App.—El Paso 1997, no writ). There is a presumption of harm unless the record demonstrates the contrary. *Martinez*, 953 S.W.2d at 401. Thus, the failure

---

**11.** Portions of Chapter 54 of the Government Code were transferred to the Family Code as part of the recodification of Title 5 made by

Acts 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex.Gen.Laws 113, 239. Family court masters are now denominated as associate judges.

to make findings does not compel reversal if the record before the appellate court affirmatively demonstrates that the complaining party suffered no harm. *Las Vegas Pecan & Cattle Co., Inc. v. Zavala County*, 682 S.W.2d 254, 256 (Tex.1984); *Martinez*, 953 S.W.2d at 401. The test for determining whether the complainant has suffered harm is whether the circumstances of the case would require an appellant to guess the reason or reasons that the judge has ruled against it. *Sheldon Pollack Corp. v. Pioneer Concrete of Texas, Inc.*, 765 S.W.2d 843, 845 (Tex.App.—Dallas 1989, writ denied); *Martinez*, 953 S.W.2d at 401.

We reiterate that we are presented with no statement of facts on appeal. If the guiding principle is that the failure to make findings of fact upon timely request is presumed harmful unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury, can an appellant gain reversal by limiting the record to the transcript? In other words, must we presume harm when the appellant deliberately fails to bring forward the statement of facts? Wife argues we should not. We disagree.

Virtually every opinion addressing the parameters of findings of fact and conclusions of law, including this one, begins the analysis with reference to the Supreme Court opinion in *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117 (1944). Wagner sued to recover judgment on a promissory note executed by Riske and his wife. During the pendency of the suit, Riske died. Wagner filed an amended petition in which he alleged that he was the only creditor of Riske's estate, that at the time of his death, Riske left a community estate consisting of 243.8 acres of land, and that Wagner was entitled to foreclose a lien on 43.8 acres, the remainder being subject to a homestead exemption. The sole issue for determination was whether the land constituted a part of Riske's estate, or whether it was the separate property of his wife. Following a bench trial, the trial court determined that the acreage was the separate property of Riske's wife and therefore not subject to Riske's debts, either separate or community. The trial court filed initial findings of fact but failed to make an additional finding which Wagner requested. The record was before the appellate court without a statement of facts. In the intermediate court, Wagner alleged that the trial court erred in failing to make the additional finding. The Court of Civil Appeals disagreed, holding that in the absence of a statement of facts, it was unable to determine whether the trial court should have made the finding. Wagner pursued the matter to the Supreme Court. After setting forth verbatim the provisions of Rules 296 through 299, the Court noted:

> It is evident that one of the main purposes of the above rules is to enable parties to prosecute appeals without the expense of a statement of facts. Under Article 2208, which is in the same language as Rule 296, it was held to be the general rule that the failure of the trial court to file conclusions of law and fact constituted reversible error, where the party complaining complied with statutory requirements in an effort to secure such filing. [Citations omitted.] In such cases injury is presumed, unless the contrary appears. [Citation omitted.]
>
> Since Rule 296 is in the same language as Article 2208, it ought to be given the same construction and held to accord the same rights.

*Wagner*, 142 Tex. at 342, 178 S.W.2d at 119. The Court then reviewed the transcript and determined that it affirmatively demonstrated that Wagner had suffered no injury by the trial court's failure to make the requested finding.

Not only are we bound by this precedent, we find the reasoning to be sound. The filing of a request for findings of fact, in most circumstances, extends the appellate timetable. TEX.R.APP.P. 26.1(a)(4). The time frame for filing the findings envi-

sions that a party will receive the findings before the deadline for perfecting appeal.[12] This allows a potential appellant the opportunity to review the findings so as to make an intelligent decision as to the likelihood of success on appeal prior to investing in an expensive reporter's record.

Because of the abatement, the procedural irregularities, and the death of Husband, this appeal has been pending for some time. Wife's brief was filed shortly before the amendments to the Texas Rules of Appellate Procedure, effective September 1, 1997. In support of her argument that Husband's failure to bring forward a statement of facts has prevented her from being able to refute the presumption of harm, Wife referenced the former rules relating to limited appeals and partial statements of facts. Former TEX.R.APP.P. 53(d) permitted a party to request a partial statement of facts, provided at the same time the party gave a statement of the points to be relied upon in the appeal. New TEX.R.APP.P. 34.6(c)(1) carries forward the idea of requesting a partial reporter's record, while simultaneously including the points or issues to be presented on appeal.[13] Wife cites no authority, and we have found none, applying the rule to a review of the trial court's refusal to make findings of fact upon request.

We also note that Wife has not at any point attempted to bring forward the statement of facts or otherwise supplement the record. Former Rule 55(b) provided that

> If anything material to either party is omitted form the transcript or statement of facts, before submission the parties by stipulation, or the trial court, upon notice and hearing, either before or after the record has been transmitted to the appellate court, or the appellate court, on a proper suggestion or on its own initiative, may direct a supplemental record to be certified and transmitted by the clerk of the trial court or the official court reporter supplying such omitted matter. The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal.

The Supreme Court has liberally construed this rule, noting that while post-submission leave is often denied, seldom is a party denied pre-submission leave to supplement. *Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 122 (Tex. 1991). New Rule 34.6(d) is even more lenient, allowing any party to direct the court reporter to prepare, certify, and file in the appellate court a supplemental record which shall become part of the appellate record. Still further, Rule 34.6(b)(2) prohibits us from refusing to file a reporter's record or supplemental record because of a failure to timely request it. Wife has not availed herself of any remedy under either version of the rules.

Lastly, Wife has been afforded the opportunity to prepare proposed findings of

---

12. The court shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. TEX.R.CIV.P. 297. A timely request extends the period for perfecting appeal from within thirty days of judgment to within ninety days of judgment. TEX. R.APP.P. 26.1(a)(4).

13. The presumption has changed, however. In *Englander Co., Inc. v. Kennedy*, 428 S.W.2d 806, 806 (Tex.1968)(per curiam), the Supreme Court ruled that a complaint about the legal or factual sufficiency of the evidence cannot be successfully raised without a complete statement of facts. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991)(in the absence of a complete statement of facts, it is presumed that the omitted evidence supports the judgment). New Rule 34.6(c)(4) provides that when a partial reporter's record is properly designated, "The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. This presumption applies even if the statement includes a point or issue complaining of the legal or factual sufficiency of the evidence to support a specific factual finding identified in that point or issue." The new language overrules *Englander* in those situations where a partial reporter's record is properly requested.

fact for Judge Leverton. Had she done so, she could have avoided the difficulties presented here. Accordingly, despite the absence of a statement of facts here, we will presume harm. We must next determine whether the record before us affirmatively demonstrates that Husband has suffered no injury by the trial court's inability to make findings of fact.

### Does the Record Affirmatively Reflect Husband Has Suffered No Injury?

■ Husband complains that he does not have the benefit of findings as to the characterization and valuation of property. He further argues that he pled that the property was his separate property and that Wife claimed it was her separate property. The record does not so reflect. Husband's pleadings state that he "owned substantial property before the marriage that should be awarded to him without any interest being awarded to [Wife]." However, he alleged the date of the marriage as September 16, 1976. The deed at issue bears a date of December 9, 1993, well after the marriage. Thus, his separate property claim, whatever it may be, cannot be interpreted as applying to this particular asset. As for Wife's contention, her amended pleading alleged that she executed the deed under duress, an issue which the jury found against her.[14] Without a statement of facts, we cannot determine whether the issue was tried by consent. However, TEX.R.APP.P. 38.1(f) instructs us that in a civil case, we will accept as true the facts stated in the appellant's brief unless another party contradicts them. Because Wife has not contradicted these allegations, we accept as true Husband's recitations that both spouses claimed the residence as separate property.

We turn now to Judge Cardone's report. It itemized the community property awarded to Wife and the community property awarded to Husband. In a separate paragraph, and without identifying the asset as either separate or community property, Judge Cardone ordered the Aries property sold and the proceeds divided. This ruling is consistent with a finding that each party owned an undivided one-half interest in the home as their separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex.1977)(trial court has no authority to divest a fee interest of separate realty and award it to the other spouse).

The decree of divorce signed by Judge Leverton includes the property in its division of the "marital estate," and specifically states:

IT IS ORDERED AND DECREED that *the estate of the parties* is divided as follows:

[Wife] is awarded the following as [Wife's] sole and separate property, and [Husband] is divested of all right, title, interest, and claim in and to such property:

. . .

(8) A portion of the net proceeds of the sale of the property located at 4500 Aries, El Paso, Texas as set forth hereinbelow.

[Husband] is awarded the following as [Husband's] sole and separate property, and [Wife] is hereby divested of all right, title, interest, and claim in and to such property:

. . .

(6) For the purposes of a just and right division of property made in this decree IT IS FURTHER ORDERED AND DECREED that [Husband] recover of and from [Wife] judgment for $36,196.28 less one-half of the payments made by [Wife] for principal, interest, taxes, insurance, maintenance and repairs on the property located at 4500 Aries, El Paso, Texas.

---

**14.** Because Page 10 of her amended pleading is missing from the transcript, we cannot ascertain whether she specifically pled that the residence was her separate property.

*This judgment is part of the division of community property* between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony or child support. [Emphasis added.]

The phrase "estate of the parties" is a term of art which refers to the community estate. *Eggemeyer*, 554 S.W.2d at 139. Can we construe these recitations in the decree as findings of fact on characterization?

Findings of fact and conclusions of law need not be in any particular form as long as they are in writing and are filed of record. *Hamlet v. Silliman*, 605 S.W.2d 663 (Tex.App.—Houston [1st Dist.] 1980, no writ). It is permissible for the trial court to list its findings in a letter to the respective attorneys, as long as the letter is filed of record. *Villa Nova Resort, Inc. v. State*, 711 S.W.2d 120 (Tex. App.—Corpus Christi 1986, no writ). Oral statements as to findings made by the judge on the record will not be accepted as findings of fact. *In re W.E.R.*, 669 S.W.2d 716 (Tex.1984); *Stevens v. Snyder*, 874 S.W.2d 241 (Tex.App.—Dallas 1994, writ denied); *Giangrosso v. Crosley*, 840 S.W.2d 765, 769 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Ikard v. Ikard*, 819 S.W.2d 644 (Tex.App.—El Paso 1991, no writ). Nor may the court have those statements prepared as a reporter's record and filed as findings of fact and conclusions of law. *Nagy v. First National Gun Banque Corporation*, 684 S.W.2d 114 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).

Historically, while it was preferable to list the findings of fact separately from the conclusions of law, and the intermixing of factual and legal conclusions was not generally approved, it was not reversible error absent a showing of harm to the appellants. Thus, the rule requiring the findings and conclusions to be stated separately was considered to be directory. *Longoria v. Greyhound Lines, Inc.*, 699 S.W.2d 298 (Tex.App.—San Antonio 1985, no writ); *Hill v. Sargent*, 615 S.W.2d 300 (Tex.Civ.App.—Dallas 1981, no writ). There was a divergence of opinion as to whether specific findings of fact which were contained within a decree, such as specific factors considered with regard to a disproportionate division of the estate or specific findings as to values, qualified as formal findings of fact and conclusions of law. *See Cottle v. Knapper*, 571 S.W.2d 59 (Tex.Civ.App.—Tyler 1978, no writ)(findings contained within the decree are valid despite the fact that they are not contained in a separate document). The inclusion of the findings in the order did not preclude a request for separate findings and conclusions. *See also, Juan A____ and Patricia A____ v. Dallas County Child Welfare*, 726 S.W.2d 241 (Tex.App.—Dallas 1987, no writ)(where findings and conclusions are incorporated into a judgment, even when no request has been made, they are treated as findings of fact and conclusions of law filed in accordance with Rule 296). For a contrary result, *see City of Houston v. Houston Chronicle Publishing Company*, 673 S.W.2d 316 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Jones v. Jones*, 641 S.W.2d 342 (Tex.App.—Corpus Christi 1982, no writ) and *Gonzalez v. Cavazos*, 601 S.W.2d 202 (Tex.Civ.App.—Corpus Christi 1980, no writ)(all holding that recitations in the judgment cannot be considered as a substitute for separately filed findings and conclusions). Thus, they provide no basis for attack by a losing party on appeal.[15]

An entirely new TEX.R.CIV.P. 299a was effectuated in 1990 by the Supreme Court's rule amendments. It provides:

**RULE 299A. FINDINGS OF FACT TO BE SEPARATELY FILED AND NOT RECITED IN A JUDGMENT**

Findings of fact shall not be recited in a judgment. If there is a conflict between findings of fact recited in a judgment in

---

**15.** For a comprehensive discussion of this conflict, *see* Orsinger, *Handling the Appeal:* *Procedures and Pitfalls,* State Bar of Texas ADVANCED FAMILY LAW COURSE (1984).

violation of this rule and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes.

Findings of fact shall be filed with the clerk of the court as a document or documents separate and apart from the judgment.

As a result of the rule change, findings of fact that are recited in a judgment cannot form the basis of a claim on appeal. Two cases have emerged which reach a different construction of this rule. In *Hill v. Hill*, 971 S.W.2d 153 (Tex.App.—Amarillo 1998, no pet.), the issue was whether findings contained in a judgment could be used to support a claim on appeal although the trial court made separate findings at the request of a party. The court determined that if there is no conflict between separate findings of fact and findings contained in the judgment, those contained in the judgment should be given effect. *Id.* at 155–56. In *Frommer v. Frommer*, 981 S.W.2d 811, 814 (Tex.App.—Houston [1st Dist.] 1998, pet. pending), the appellant had failed to request formal findings and attempted to rely on certain findings contained within the judgment. Rejecting his claim, the Court held, "While the propriety of findings of fact and conclusions of law in judgments was once a matter of debate, in 1990 the Texas Supreme Court ended the debate once and for all." *Id.* at 814.

Here, of course, Husband attempted to obtain formal findings but has been thwarted at every turn. While we cannot ascertain precisely who drafted the final decree, it is signed by Wife's counsel but not by Husband's. Judge Leverton's signature contains the handwritten caveat "per Judge Cardone." Where the appellant has attempted to obtain formal findings, where he has stated without contradiction that both parties claimed the real estate as separate property, where the deed gives rise to a rebuttable presumption that a gift was intended, where the verdict of the jury reflects that they rejected Wife's efforts to rebut that presumption, where the trial judge who heard the evidence did not explicitly characterize the asset as either community or separate property but did not list it among the enumerated community assets, where that same trial judge effectuated the sale of the property which would be consistent with a finding that the parties' separate estates owned the property as tenants in common, and where the decree is the sole reference to ownership by the community estate, we are hard pressed to declare that the record affirmatively establishes Husband has suffered no injury as a result of his inability to obtain findings of fact as to characterization.

### *Valuation*

The characterization issue is inextricably entwined with valuation. If the separate estate of each party owned an undivided one-half interest in the Aries property, then the proceeds of the sale must necessarily be divided equally. Without a finding as to the net value of the home, we cannot determine whether the $36,196.28 represents half. In short, we cannot ascertain whether Husband has been divested of his separate property in violation of the mandate of *Eggemeyer*. Similarly, if the Aries property is characterized as community, without having values assigned to it and to the remaining community assets, we cannot quantify the percentage distribution.[16]

### CONCLUSION

◼ We sustain Point of Error No. One. Because of our resolution of the issue, we need not address Point of Error No. Two. Where error arising from the failure to make findings of fact and conclusions of law is remedial, abatement is appropriate. *Cherne Industries, Inc. v. Magallanes*, 763

---

**16.** The transcript contains no inventories of the parties, although the docket sheet reveals inventories were filed.

S.W.2d 768, 773 (Tex.1989); *Brooks,* 926 S.W.2d at 321. We have previously abated the appeal and directed the trial court to make findings of fact and conclusions of law. Through no fault of his own, Judge Leverton is unable to make those findings. Our only recourse is to reverse and remand.

Because neither spouse has challenged or otherwise complained of the dissolution of the marriage, we affirm the judgment to the extent that it grants a divorce. We reverse and remand for a new trial on the division of property. *McKnight v. McKnight,* 543 S.W.2d 863, 864 (Tex.1976); *Siefkas v. Siefkas,* 902 S.W.2d 72, 80 (Tex. App.—El Paso 1995, no writ); *Seibert v. Seibert,* 759 S.W.2d 768, 770 (Tex.App.—El Paso 1988, writ denied); *Roach v. Roach,* 672 S.W.2d 524 (Tex.App.—Amarillo 1984, no writ)(While the issue of divorce cannot be severed from a division of the estate of the parties in the trial court, where neither party attacks the decretal portion of the judgment granting the divorce, the Supreme Court sanctions affirming the divorce and reversing and remanding the division of property).