*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-08-00382-CV

Hartmut ("Hardy") Theodor **ROSE**,
Appellant

v.

T.C. **WOODWORTH**, Kathleen Woodworth, LTW Partnership, L.P.,
Kenneth Leipman, Kathleen Leipman, R. Stan Hodges, and Kim Hodges,
Appellees

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2004-CVF-000431-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:    January 14, 2009

AFFIRMED

Hartmut ("Hardy") Theodor Rose appeals the trial court's order granting the appellees' motion to dismiss for forum non conveniens. Rose initially contends that he was harmed by the trial court's failure to file findings of fact and conclusions of law. Rose also contends that the trial court erred as a matter of law by dismissing a lawsuit filed in Texas by a Texas resident under the doctrine of forum non conveniens. We affirm the trial court's order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first issue, Rose asserts that he was harmed by the trial court's failure to file findings of fact and conclusions of law. In his reply brief, Rose acknowledges that the trial court filed a letter of record detailing the basis for its ruling; however, Rose contends that the letter "is not a legitimate substitute for findings of fact and conclusions of law."

"Findings of fact and conclusions of law need not be in any particular form as long as they are in writing and are filed of record." *Roberts v. Roberts*, 999 S.W.2d 424, 440 (Tex. App.—El Paso 1999, no pet.); *see also Senora Resources, Inc. v. Kouatli*, No. 01-00-00264-CV, 2000 WL 1833771, at *2 (Tex. App.—Houston [1st Dist.] Dec. 14, 2000, no pet.) (not designated for publication); *Villa Nova Resort, Inc. v. State*, 711 S.W.2d 120, 124 (Tex. App.—Corpus Christi 1986, no writ). A trial court's findings of fact and conclusions of law may be contained in a letter to the respective attorneys, as long as the letter is filed of record. *Kouatli*, 2000 WL 1833771, at *3; *Roberts*, 999 S.W.2d at 440; *Villa Nova Resort, Inc.*, 711 S.W.2d at 124.

The trial court's letter in this case stated:

> This Court is very familiar with the Doctrine of Forum Non Conveniens and has a history of giving great deference to Plaintiffs' choice of forum. However, in this case, the Court finds that Plaintiffs should never have brought this suit in the State of Texas. The original Georgia lawsuit and this resulting lawsuit are so intricately intertwined with most crucial and important witnesses living in Georgia, applicable Georgia law and most legal issues revolving around most of the defendants that have already been granted a special appearance that there is no doubt that this lawsuit should have been originally filed in the State of Georgia.

This letter was filed of record and provides the reasons for the trial court's order. *See Kouatli*, 2000 WL 1833771, at *3 (noting test for harm from failure to file findings of fact and conclusions of law is whether party must guess the reasons for the trial court's ruling). Rose could have requested additional findings of fact and conclusions of law if he believed additional findings were warranted;

however, the record does not reflect that Rose availed himself of that opportunity. *See* TEX. R. EVID. 298; *Kouatli*, 2000 WL 1833771, at *3 n.1. Accordingly, Rose's first issue is overruled.

## DISMISSAL

In his second issue, Rose asserts that the "common law of forum non conveniens in Texas upholds the absolute right of an individual Texas resident to sue in Texas courts for a claim arising in whole or in part in Texas." Rose argues the trial court erred as a matter of law in dismissing his lawsuit because he is a Texas resident. Contrary to Rose's assertion, however, the United States Supreme Court has stated the following with regard to the common law of forum non conveniens:

> A citizen's forum choice should not be given dispositive weight, however. Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.23 (1981) (citations omitted); *see also In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 675 (Tex. 2007) (noting forum non conveniens doctrine recognizes that the plaintiff's choice must sometimes yield in the public interest and in the interest of fundamental fairness). Accordingly, Rose's status as a Texas resident did not preclude the trial court from dismissing his lawsuit, and Rose's second issue is overruled.

## CONCLUSION

The trial court's order is affirmed.

Rebecca Simmons, Justice