**Leticia VARGAS, Appellant,**

v.

**TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, Appellee.**

**No. 03–97–00653–CV.**

Court of Appeals of Texas, Austin.

July 16, 1998.

Rehearing Overruled Aug. 31, 1998.

---

Linda Icenhauer–Ramirez, Icenhauer–Ramirez & Hubner, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., James Adkins, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

·KIDD, Justice.

Appellant Leticia Vargas appeals the trial court's judgment involuntarily terminating her parent-child relationship with her two children pursuant to the Texas Family Code. *See* Tex. Fam.Code Ann. § 161.001 (West 1996).[1] In her ninth point of error, appellant argues that the trial court's failure to prepare findings of fact and conclusions of law after a timely request constitutes reversible error. Because we conclude that this point of error is compelling and dispositive, we will reverse the judgment of the trial court and remand the cause for a new trial.

## BACKGROUND

The children subject to this suit are two-year-old A.V. and fifteen-month-old D.V., both the natural children of the appellant. In August 1996, appellee Texas Department of Protective and Regulatory Services (the "Department") removed the children from appellant and her husband Roy Villarreal after Villarreal seriously injured A.V. on August 4, 1996.

Villarreal, who is not a party to this appeal, is the natural father of D.V. and the step-father of A.V.[2] On August 4, while appellant was away from the house, the record shows that Villarreal seriously injured A.V., requiring her to ·be taken to Brackenridge Hospital for emergency treatment of a subdural hematoma and retinal hemorrhaging. At the hospital, A.V. was diagnosed with "Shaken Baby Syndrome" and remained in critical condition for several days. Villarreal was subsequently placed under indictment for his conduct and was ultimately convicted of injury to a child [3] *after* the suit terminating appellant's parental rights was decided.

---

1. Section 161.001 was subsequently amended by the 75th Legislature. *See* Act of May 31, 1997, 75th Leg., R.S., ch. 1022, § 60, 1997 Tex. Gen. Laws 3758 (codified at Tex. Fam.Code Ann. § 161.001 (West Supp.1998)). However, because this case was tried in June 1997, the amended statute does not apply.

2. A.V.'s alleged biological father, Roger Lee Oppelt, is deceased.

3. *See* Tex. Penal Code Ann. art. 22.04 (West 1994).

He is currently serving a fifteen-year sentence in the state penitentiary.

Following Villarreal's abusive conduct on August 4, the Department removed both A.V. and D.V. from the care of Villarreal and appellant and placed the children in protective custody. In an effort to reunite appellant with her children, the Department placed appellant on a service plan that required her to undergo psychiatric evaluation, seek individual counseling, take protective parenting classes, and obtain a means of stable housing and income. During the eleven months prior to trial, the record shows that appellant did not fully comply with her service plan. Moreover, the record shows that despite Villarreal's abusive behavior towards both appellant and A.V. on occasions prior to August 4, and despite repeated requests by medical professionals and the Department, appellant refused to take the necessary steps to sever her relationship with Villarreal and permanently remove him from her home.

On June 24, 1997, the trial court heard arguments from counsel on the issue of whether to terminate appellant's parental rights.[4] As grounds for termination the Department asserted that appellant: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being; and/or (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered their physical or emotional well-being. *See* Tex. Fam.Code Ann. § 161.001(1)(D), (E).

On June 26, 1997, the trial court advised each party that appellant's parental rights would be terminated. On July 8, 1997, prior to the signing of the judgment, appellant requested findings of fact and conclusions of law from the trial court. *See* Tex.R. Civ. P. 296. The trial court rendered its judgment terminating appellant's parental rights on July 14, 1997. Because the trial court had not yet filed its findings of facts and conclusions of law, appellant filed her Past Due Notice of Findings of Fact and Conclusions of Law on August 14, 1997. *See* Tex.R. Civ. P. 297. The record shows that despite appellant's request for findings of fact and conclusions of law, the trial court failed to submit them.

On appeal, appellant raises nine points of error. In her first six points of error, appellant argues that there is no evidence or insufficient evidence that she either (1) knowingly placed or knowingly allowed A.V. and D.V. to be placed in conditions or surroundings which endangered their physical and emotional well-being; or (2) that she engaged in conduct or knowingly placed A.V. and D.V. with persons who engaged in conduct which endangered their physical and emotional well-being. In her seventh and eighth points of error, appellant argues that there is no evidence or insufficient evidence to support the trial court's judgment that termination of her parental rights would be in the "best interest of the children." Finally, in her ninth point of error, appellant argues that the trial court erred in failing to make findings of fact and conclusions of law after she timely requested that the trial court do so.

Because we conclude that appellant's ninth point of error is compelling and dispositive, we will defer consideration of her first eight points error and discuss only the trial court's failure to make findings of fact and conclusions of law.

## DISCUSSION

■ If findings of fact and conclusions of law are properly requested, the trial court has a mandatory duty to file findings and conclusions. *See* Tex.R. Civ. P. 296 & 297; *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989). The trial court's failure to comply with a proper request to prepare and file findings and conclusions is presumed harmful, unless the record affirmatively shows that the complaining party suffered no injury. *Id.*

In the present cause, the Department contends that the trial court was not under a mandatory duty to file findings of fact and conclusions of law because appellant failed to properly request them. Specifically, the Department argues that appellant's request for

---

4. Prior to trial, Villarreal voluntarily relinquished his parental rights to D.V.

findings of fact and conclusions of law on July 8, 1997, which was *before* the trial court signed its judgment, violated Rule 296 of the Texas Rules of Civil Procedure which requires that such requests be made within 20 days *after* the trial court signs its judgment. As authority for its contention, the Department relies on *Ratcliff v. State Bar of Tex.*, 673 S.W.2d 339, 342 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.), which held that a premature request for findings of fact and conclusions of law under Rule 296 is a nullity, when the request is made prior to entry of judgment. Rule 296 provides:

> In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of facts and conclusions of law. Such request shall be entitled "Request for Findings of Facts and Conclusions of Law" *and shall be filed within twenty days after judgment is signed with the clerk of the court,* who shall immediately call such request to the attention of the judge who tried the case. The party making the request shall serve it on all other parties in accordance with Rule 21a.

Tex.R. Civ. P. 296 (emphasis added).

■ Appellant responds that although Rule 296 required her to request findings of facts and conclusions of law after the judgment was signed, her *premature* request was not a nullity. We agree with appellant because, ironically, at almost the same time that *Ratcliff* was decided, the legislature enacted Rule 306c of the Texas Rules of Civil Procedure which provides:

**PREMATURELY FILED DOCUMENTS**

> No motion for new trial or request for findings of fact and conclusions of law shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails, *and every such request for findings of fact and conclusions of law shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment.*

Tex.R. Civ. P. 306c (emphasis added). Thus, under this rule, appellant's premature request for findings of fact and conclusions of law on July 8, 1997 is "deemed to have been filed" on July 14, 1997, "the date of but subsequent to the ... signing of the judgment." Tex.R. Civ. P. 306c; *see also Echols v. Echols,* 900 S.W.2d 160, 161 (Tex.App.—Beaumont 1995, writ denied) (premature request for findings of fact and conclusions of law deemed filed on date judgment signed).

■ Having determined that a proper and timely request for findings of fact and conclusions of law was made, we must now examine whether the trial court's failure to file the findings and conclusions was harmful. As stated above, we must presume harm unless "the record affirmatively shows that [appellant] suffered no injury." *Magallanes,* 763 S.W.2d at 772.

In the present case, the Department had the burden of proving by *clear and convincing* evidence that: (1) appellant either knowingly placed or knowingly allowed A.V. and D.V. to be placed in conditions or surroundings which endangered their physical and emotional well-being, *or* that she engaged in conduct or knowingly placed A.V. and D.V. with persons who engaged in conduct which endangered their physical and emotional well-being; *and* (2) that the termination was in the best interest of the children. *See* Tex. Fam.Code Ann. § 161.001(1), (2) (involuntary termination of parental rights appropriate only when court finds by clear and convincing evidence that: (1) one of the enumerated criteria set out in the Family Code as grounds for termination is met, *and* (2) that the termination is in the best interest of the child).

The Final Decree of Termination in this cause merely restated the enumerated grounds for termination and that it "would be in the best interest of the subject children." On appeal, appellant has challenged the sufficiency of the evidence supporting each of the grounds for termination as well as the trial court's judgment that termination is in the best interest of the children. We believe that the trial court's failure to prepare findings of fact and conclusions of law puts appellant at a disadvantage in having to guess as to what evidence supported the trial

court's decision on appeal. Thus, we conclude that appellant has effectively been prevented from making a proper presentation to this Court. *See In re Combs,* 958 S.W.2d 848, 851 (Tex.App.—Amarillo 1997, no pet.) (court's failure to prepare findings of fact and conclusions of law was harmful where appellate court must determine whether trial court abused its discretion in determining that it was in the best interest of child to deviate from standard possession order).

While we do have the option to abate this appeal and allow the trial court to prepare findings of fact and conclusions of law, we believe that the better course of action under the facts presented is to remand the cause for a new trial. *See* Tex.R.App. P. 43.2. We note that the record shows that a primary factor for terminating appellant's parent-child relationship was her compulsion to continuously bring Roy Villarreal back into her life and home despite his prior abuse of both appellant and A.V. We note further that since the time of trial, the abuser, Villarreal, has been incarcerated and is completely out of appellant's home. Therefore, after a careful examination of the record, we believe that in light of Villarreal's incarceration, appellant should have the opportunity to show how, if at all, the absence of Villarreal has impacted her life and her relationship with her children. *See Holick v. Smith,* 685 S.W.2d 18, 20 (Tex.1985) (termination is complete, final, irrevocable and divests for all time parents' natural and legal rights with respect to their children, therefore proceedings should be strictly scrutinized). Therefore, we sustain appellant's ninth point of error and reverse and remand the cause for a new trial.

## CONCLUSION

Having sustained appellant's ninth point of error, we reverse the judgment of the trial court and remand the cause for a new trial.