TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00780-CV







Leslie P. Hardy, Appellant



v.



Deborah J. Hardy, Appellee








FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT

NO. 14,159, HONORABLE JOE CARROLL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N




 Leslie P. Hardy appeals from the divorce decree awarding Deborah J. Hardy, his
former wife, a one-half interest in forty acres of land as her separate property. He contends that the
record does not support the conclusion that he conveyed the one-half interest as a gift of separate
property. He argues that the division of community assets is accordingly erroneous. He also
complains that the court's failure to serve him with findings of fact and conclusions of law prevented
him from responding to them at the trial court and from properly presenting his appeal. We affirm.


BACKGROUND


 When Leslie and Deborah married on June 21, 1997, Leslie owned a forty-acre tract
with a home. The property was encumbered by a $50,000 note to Leslie's former wife, Judy Hardy. 
Deborah moved into the house with Leslie, and the couple began renovating, repairing, and altering
the home. They maintained separate finances and contributed equally to bill payments and home
improvements. By warranty deed dated August 11, 1998, Leslie conveyed a one-half interest in the
property, and Deborah gave consideration including "[a] cash consideration paid to Grantor by
Grantee and Grantee's assumption of one-half (½) of the unpaid principal and earned interest owing"
on the note to Judy Hardy.

 Leslie filed for divorce on July 27, 2000. The final hearing was held on September
27, 2001, after which the court concluded that Leslie's conveyance to Deborah was a gift and that
the one-half interest in the land was her separate property. Disagreements over the form of the
decree delayed the signing of the decree until October 4, 2002. Leslie's request for findings of fact
and conclusions of law was deemed filed on that date as well. (1) Leslie filed a notice of past due
findings of fact and conclusions of law on October 29, 2002. The court filed the findings and
conclusions on November 15, 2002, but Leslie asserts that he did not learn they had been filed until
he received the clerk's record on January 22, 2003. (2) Leslie filed his notice of appeal on December
5, 2002.


DISCUSSION


 Leslie raises five points of error. The first concerns a procedural issue, and the
remaining four address the district court's findings and conclusions supporting its characterization
of property and division of the marital estate.


Failure to timely file and serve findings and conclusions

 By his first issue on appeal, Leslie complains that the court's failure to serve him with
the findings and conclusions prevented him from responding to the findings and conclusions, thereby
constituting reversible error. There is no record regarding whether the court served Leslie with the
findings and conclusions; we will assume, without deciding, that the court did not serve him. Leslie
argues that harm is presumed, but the case he relies on deals with an utter failure to file findings and
conclusions rather than a failure to timely file or serve those findings and conclusions. See Vargas
v. Texas Dep't of Prot. & Reg. Servs., 973 S.W.2d 423, 425 (Tex. App.--Austin 1998, pet. granted,
judgm't vacated w.r.m.). When a trial court files untimely findings and conclusions, litigants have
no remedy unless they can show injury in one of two forms: (1) the litigant was unable to request
additional findings, or (2) the litigant was prevented from properly presenting his appeal. Robles v.
Robles, 965 S.W.2d 605, 610 (Tex. App.--Houston [1st Dist.] 1998, pet. denied). Because a trial
court may file additional findings even after it loses plenary power to affect the judgment, the failure
to request additional findings of fact and conclusions of law constitutes a waiver on appeal of the
trial court's lack of such findings and conclusions. Id. at 611. The appellate court may also, upon
request, abate the appeal and remand the case for the trial court to make additional findings. Id. The
court is obligated to make only those additional findings and conclusions that are appropriate. Tex.
R. Civ. P. 298.

 We find that Leslie has failed to show harm. Even assuming that Leslie was not
served with a copy of the findings and conclusions, he received them when the clerk's record was
filed. There is no indication in the record that he filed a request for additional findings or
conclusions with the trial court or that he requested an abatement of this appeal so that he might do
so. He does not mention in his brief what additional findings or conclusions he desires, and there
is no showing that the trial court would have been compelled to make his desired findings. Nor does
he show how he was prevented from presenting his appeal. We have before us the reporter's record
and can assess whether it supports the findings made and any implicit findings necessary to support
the judgment. We resolve the first issue in favor of the judgment.


Characterization and division of property

 The remainder of Leslie's issues on appeal concern the characterization of the one-half interest as Deborah's separate property. He complains that the court reversibly erred by finding
that the conveyance of the one-half interest constituted a gift and that the interest was Deborah's
separate property. He complains that no evidence or factually insufficient evidence support that
finding. He finally contends that this mischaracterization of the nature of the one-half interest
renders the division of the community interest manifestly unjust and an abuse of discretion.


Applicable standards

 Findings of fact made in a case tried to the court are of the same force and dignity as
a jury's verdict upon special issues. Zisblatt v. Zisblatt, 693 S.W.2d 944, 949 (Tex. App.--Fort
Worth 1985, writ dism'd w.o.j.). As the trier of fact in a bench trial, the court determines the
credibility of the witnesses and the weight to be given their testimony, whether to believe or
disbelieve all or any part of the testimony, and how to resolve any inconsistencies in the testimony. 
Robbins v. Roberts, 833 S.W.2d 619, 624 (Tex. App.--Amarillo 1992, no writ). We may not
interfere with the fact finder's resolution of conflicts in the evidence or pass on the weight or
credibility of the witnesses' testimony. Benoit v. Wilson, 239 S.W.2d 792, 796 (Tex. 1951). When
there is conflicting evidence, the appellate court usually regards the finding of the trier of fact as
conclusive. See Jauregui v. Jones, 695 S.W.2d 258, 263 (Tex. App.--San Antonio 1985, writ ref'd
n.r.e.). 

 We review the sufficiency of the evidence supporting findings of fact under the same
standards we apply to jury findings. See Zisblatt, 693 S.W.2d at 949. We review a no-evidence
challenge by considering all the record evidence in the light most favorable to the prevailing party,
indulging every reasonable inference in that party's favor. Associated Indem. Corp. v. CAT
Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998); Formosa Plastics Corp. v. Presidio Eng'rs
& Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). We must sustain a no-evidence challenge when
the record discloses that no more than a scintilla of evidence supports finding a vital fact or that the
evidence conclusively establishes the opposite of a vital fact. Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). In reviewing factual sufficiency of the evidence, we examine all
the evidence and set aside the verdict only if the evidence is so weak or the finding is so against the
great weight and preponderance of the evidence that it is clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). When the burden of proof at trial is by clear and convincing evidence,
we consider all of the evidence and determine whether the evidence was sufficient to produce in the
mind of the fact finder a firm belief or conviction as to the truth of the allegations sought to be
established. Tate v. Tate, 55 S.W.3d 1, 5 (Tex. App.--El Paso 2000, no pet.). We will sustain an
insufficient evidence point of error only if the fact finder could not have reasonably found the fact
was established by clear and convincing evidence.  Id.


Presumptions

 There are competing presumptions relevant to this case. Property possessed by the
spouses upon the dissolution of the marriage is presumed to be community property. Tex. Fam.
Code Ann. § 3.003(a) (West 1998). That presumption can be overcome by clear and convincing
evidence that the asset is one spouse's separate property. Id. § 3.003(b). Property acquires its
characterization at the inception of title. Henry S. Miller Co. v. Evans, 452 S.W.2d 426, 430 (Tex.
1970). Property owned by a spouse before the marriage or acquired during the marriage by gift is
separate property. Tex. Const. art. XVI, § 16; Tex. Fam. Code Ann. § 3.001(2) (West 1998). Any
interest in property acquired by one spouse for valuable consideration paid out of the community
ordinarily becomes community property. Hilley v. Hilley, 342 S.W.2d 565, 569 (Tex. 1961). But
a presumption of separate property arises where one spouse grants property to the other spouse.
Roberts v. Roberts, 999 S.W.2d 424, 431 (Tex. App.--El Paso 1999, no pet.). The presumption is
rebuttable if the deed does not contain recitations that it is separate property. Id. at 432.

 A gift is a transfer of property made voluntarily and gratuitously, without
consideration. Rusk v. Rusk, 5 S.W.3d 299, 303 (Tex. App.--Houston [14th Dist.] 1999, pet.
denied). The burden of proving a gift is on the party claiming the gift was made. Williams v.
McKnight, 402 S.W.2d 505, 508 (Tex. 1966). One controlling factor is the donative intent of the
grantor at the time of the conveyance. Id. An exchange of consideration precludes a gift. Id. 
Presumptions that transfers are gifts can be overcome by a showing that consideration was
exchanged. See Ellebracht v. Ellebracht, 735 S.W.2d 658, 659-60 (Tex. App.--Austin 1987, no
writ) (evidence supported decision that parent-to-child conveyance of land not gift because made in
exchange for money and child's assumption of debt encumbering property). Property conveyed by
parents to a married child may be community property if given in exchange for the child's execution
of promissory note when neither the deed nor the note recites that the land is separate property or that
the note is to be repaid out of separate property; the property can be deemed community property
even if the parents forgive the annual payments. Pemelton v. Pemelton, 809 S.W.2d 642, 647 (Tex.
App.--Corpus Christi 1991), rev'd on other grounds sub. nom Heggen v. Pemelton, 836 S.W.2d 145
(Tex. 1992). However, a conveyance may be a gift even if the grantee assumes an obligation to
extinguish the encumbrance; the deciding factor is whether the conveyance was made in exchange
for the grantee extinguishing the debt. Kiel v. Brinkman, 668 S.W.2d 926, 929 (Tex. App.--Houston
[14th Dist.] 1984, no writ). Whether property given by one spouse to the other is a gift and the
recipient's separate property is a fact-intensive decision.


Application of standards and presumptions

 Leslie argues that the one-half interest is not Deborah's separate property. He relies
on his testimony and the language of the deed. He testified repeatedly that he never intended the
conveyance as a gift and that he never used the word "gift." He said that he conveyed the one-half
interest to Deborah in order to get some relief from the combined financial stresses of the cost of the
renovations and his debt to Judy Hardy. He points to the recitation in the deed that Deborah received
the one-half interest in exchange for a cash payment and her assumption of one-half of the debt to
Judy Hardy. The deed does not recite that the one-half interest conveyed is Deborah's separate
property nor does it require that Deborah pay the assumed debt with separate funds. Leslie argues
that, because Deborah bought the property during the marriage and was not restricted to paying the
debt to Judy Hardy with separate property funds, her one-half interest is community property. He
argues that the one-half interest is not a gift and cannot presumed to be separate property. 

 We conclude, however, that sufficient evidence supports the court's findings and
conclusions. Leslie does not dispute that, while married to Deborah, he conveyed the one-half
interest in the property to Deborah subject to her assumption of one-half of the note due to Judy
Hardy. The presumption arises that this interspousal gift was Deborah's separate property. See
Roberts, 999 S.W.2d at 431. The presumption is not overcome by the evidence that she assumed
part of the debt. Deborah's testimony that this transfer was a gift distinguishes this case from
Ellebracht, in which no one testified that the conveyance was intended as a gift and no one denied
that the land transfer was a sale. See Ellebracht, 735 S.W.2d at 662. Although the deed recites that
Deborah provided cash for the interest she received, there was no evidence of any amount delivered
to Leslie. The only evidence regarding note payments was that Deborah had paid nothing to Judy
Hardy because the note was not yet due; thus, no community funds were expended to facilitate the
transfer. Further, the fact that the value of the interest conveyed (over $100,000) far exceeds the
value Deborah agreed to supply (the undefined cash payment plus half of the $50,000 note to Judy
Hardy), supports the finding that this transfer was a gift rather than a sale. See id. at 663.

 Although there is conflicting evidence, we conclude that, even assessed against a
clear-and-convincing standard, legally and factually sufficient evidence supports the conclusion and
underlying findings that the conveyance of the one-half interest in the property was a gift to Deborah. 
We cannot say that the court erred by characterizing her interest as her separate property. We
therefore do not disturb the district court's determination of the content of the community estate and
find no cause to remand for reconsideration of the division of the community estate.


CONCLUSION


 We resolve all issues raised on appeal in favor of the division of property and affirm
the decree.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: June 19, 2003

1. Leslie filed his request on September 29, but it was deemed filed on the date of but after
the judgment was signed. See Tex. R. Civ. P. 306c.
2. Although Leslie did not request that the clerk include findings and conclusions in the
record, the clerk included them--likely as a presumptively included item. See Tex. R. App. P.
34.5(a)(6).