# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00780-CV

Leslie P. Hardy, Appellant

v.

Deborah J. Hardy, Appellee

FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 14,159, HONORABLE JOE CARROLL, JUDGE PRESIDING

## MEMORANDUM OPINION

Leslie P. Hardy appeals from the divorce decree awarding Deborah J. Hardy, his former wife, a one-half interest in forty acres of land as her separate property. He contends that the record does not support the conclusion that he conveyed the one-half interest as a gift of separate property. He argues that the division of community assets is accordingly erroneous. He also complains that the court's failure to serve him with findings of fact and conclusions of law prevented him from responding to them at the trial court and from properly presenting his appeal. We affirm.

## BACKGROUND

When Leslie and Deborah married on June 21, 1997, Leslie owned a forty-acre tract with a home. The property was encumbered by a $50,000 note to Leslie's former wife, Judy Hardy. Deborah moved into the house with Leslie, and the couple began renovating, repairing, and altering the home. They maintained separate finances and contributed equally to bill payments and home improvements. By warranty deed dated August 11, 1998, Leslie conveyed a one-half interest in the property, and Deborah gave consideration including "[a] cash consideration paid to Grantor by Grantee and Grantee's assumption of one-half (½) of the unpaid principal and earned interest owing" on the note to Judy Hardy.

Leslie filed for divorce on July 27, 2000. The final hearing was held on September 27, 2001, after which the court concluded that Leslie's conveyance to Deborah was a gift and that the one-half interest in the land was her separate property. Disagreements over the form of the decree delayed the signing of the decree until October 4, 2002. Leslie's request for findings of fact and conclusions of law was deemed filed on that date as well.[1] Leslie filed a notice of past due findings of fact and conclusions of law on October 29, 2002. The court filed the findings and conclusions on November 15, 2002, but Leslie asserts that he did not learn they had been filed until he received the clerk's record on January 22, 2003.[2] Leslie filed his notice of appeal on December 5, 2002.

---

[1] Leslie filed his request on September 29, but it was deemed filed on the date of but after the judgment was signed. *See* Tex. R. Civ. P. 306c.

[2] Although Leslie did not request that the clerk include findings and conclusions in the record, the clerk included them—likely as a presumptively included item. *See* Tex. R. App. P. 34.5(a)(6).

**DISCUSSION**

Leslie raises five points of error. The first concerns a procedural issue, and the remaining four address the district court's findings and conclusions supporting its characterization of property and division of the marital estate.

**Failure to timely file and serve findings and conclusions**

By his first issue on appeal, Leslie complains that the court's failure to serve him with the findings and conclusions prevented him from responding to the findings and conclusions, thereby constituting reversible error. There is no record regarding whether the court served Leslie with the findings and conclusions; we will assume, without deciding, that the court did not serve him. Leslie argues that harm is presumed, but the case he relies on deals with an utter failure to file findings and conclusions rather than a failure to timely file or serve those findings and conclusions. *See Vargas v. Texas Dep't of Prot. & Reg. Servs.*, 973 S.W.2d 423, 425 (Tex. App.—Austin 1998, pet. granted, judgm't vacated w.r.m.). When a trial court files untimely findings and conclusions, litigants have no remedy unless they can show injury in one of two forms: (1) the litigant was unable to request additional findings, or (2) the litigant was prevented from properly presenting his appeal. *Robles v. Robles*, 965 S.W.2d 605, 610 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). Because a trial court may file additional findings even after it loses plenary power to affect the judgment, the failure to request additional findings of fact and conclusions of law constitutes a waiver on appeal of the trial court's lack of such findings and conclusions. *Id.* at 611. The appellate court may also, upon request, abate the appeal and remand the case for the trial court to make additional findings. *Id.* The

3

court is obligated to make only those additional findings and conclusions that are appropriate. Tex. R. Civ. P. 298.

We find that Leslie has failed to show harm. Even assuming that Leslie was not served with a copy of the findings and conclusions, he received them when the clerk's record was filed. There is no indication in the record that he filed a request for additional findings or conclusions with the trial court or that he requested an abatement of this appeal so that he might do so. He does not mention in his brief what additional findings or conclusions he desires, and there is no showing that the trial court would have been compelled to make his desired findings. Nor does he show how he was prevented from presenting his appeal. We have before us the reporter's record and can assess whether it supports the findings made and any implicit findings necessary to support the judgment. We resolve the first issue in favor of the judgment.

**Characterization and division of property**

The remainder of Leslie's issues on appeal concern the characterization of the one-half interest as Deborah's separate property. He complains that the court reversibly erred by finding that the conveyance of the one-half interest constituted a gift and that the interest was Deborah's separate property. He complains that no evidence or factually insufficient evidence support that finding. He finally contends that this mischaracterization of the nature of the one-half interest renders the division of the community interest manifestly unjust and an abuse of discretion.

*Applicable standards*

Findings of fact made in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *Zisblatt v. Zisblatt*, 693 S.W.2d 944, 949 (Tex. App.—Fort

4

Worth 1985, writ dism'd w.o.j.). As the trier of fact in a bench trial, the court determines the credibility of the witnesses and the weight to be given their testimony, whether to believe or disbelieve all or any part of the testimony, and how to resolve any inconsistencies in the testimony. *Robbins v. Roberts*, 833 S.W.2d 619, 624 (Tex. App.—Amarillo 1992, no writ). We may not interfere with the fact finder's resolution of conflicts in the evidence or pass on the weight or credibility of the witnesses' testimony. *Benoit v. Wilson*, 239 S.W.2d 792, 796 (Tex. 1951). When there is conflicting evidence, the appellate court usually regards the finding of the trier of fact as conclusive. *See Jauregui v. Jones*, 695 S.W.2d 258, 263 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.).

We review the sufficiency of the evidence supporting findings of fact under the same standards we apply to jury findings. *See Zisblatt*, 693 S.W.2d at 949. We review a no-evidence challenge by considering all the record evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998); *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). We must sustain a no-evidence challenge when the record discloses that no more than a scintilla of evidence supports finding a vital fact or that the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). In reviewing factual sufficiency of the evidence, we examine all the evidence and set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). When the burden of proof at trial is by clear and convincing evidence,

5

we consider all of the evidence and determine whether the evidence was sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the allegations sought to be established. *Tate v. Tate*, 55 S.W.3d 1, 5 (Tex. App.—El Paso 2000, no pet.). We will sustain an insufficient evidence point of error only if the fact finder could not have reasonably found the fact was established by clear and convincing evidence. *Id*.

*Presumptions*

There are competing presumptions relevant to this case. Property possessed by the spouses upon the dissolution of the marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (West 1998). That presumption can be overcome by clear and convincing evidence that the asset is one spouse's separate property. *Id*. § 3.003(b). Property acquires its characterization at the inception of title. *Henry S. Miller Co. v. Evans*, 452 S.W.2d 426, 430 (Tex. 1970). Property owned by a spouse before the marriage or acquired during the marriage by gift is separate property. Tex. Const. art. XVI, § 16; Tex. Fam. Code Ann. § 3.001(2) (West 1998). Any interest in property acquired by one spouse for valuable consideration paid out of the community ordinarily becomes community property. *Hilley v. Hilley*, 342 S.W.2d 565, 569 (Tex. 1961). But a presumption of separate property arises where one spouse grants property to the other spouse. *Roberts v. Roberts*, 999 S.W.2d 424, 431 (Tex. App.—El Paso 1999, no pet.). The presumption is rebuttable if the deed does not contain recitations that it is separate property. *Id*. at 432.

A gift is a transfer of property made voluntarily and gratuitously, without consideration. *Rusk v. Rusk*, 5 S.W.3d 299, 303 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The burden of proving a gift is on the party claiming the gift was made. *Williams v.*

6

*McKnight*, 402 S.W.2d 505, 508 (Tex. 1966). One controlling factor is the donative intent of the grantor at the time of the conveyance. *Id*. An exchange of consideration precludes a gift. *Id*. Presumptions that transfers are gifts can be overcome by a showing that consideration was exchanged. *See Ellebracht v. Ellebracht*, 735 S.W.2d 658, 659-60 (Tex. App.—Austin 1987, no writ) (evidence supported decision that parent-to-child conveyance of land not gift because made in exchange for money and child's assumption of debt encumbering property). Property conveyed by parents to a married child may be community property if given in exchange for the child's execution of promissory note when neither the deed nor the note recites that the land is separate property or that the note is to be repaid out of separate property; the property can be deemed community property even if the parents forgive the annual payments. *Pemelton v. Pemelton*, 809 S.W.2d 642, 647 (Tex. App.—Corpus Christi 1991), *rev'd on other grounds sub. nom Heggen v. Pemelton*, 836 S.W.2d 145 (Tex. 1992). However, a conveyance may be a gift even if the grantee assumes an obligation to extinguish the encumbrance; the deciding factor is whether the conveyance was made *in exchange for* the grantee extinguishing the debt. *Kiel v. Brinkman*, 668 S.W.2d 926, 929 (Tex. App.—Houston [14th Dist.] 1984, no writ). Whether property given by one spouse to the other is a gift and the recipient's separate property is a fact-intensive decision.

*Application of standards and presumptions*

Leslie argues that the one-half interest is not Deborah's separate property. He relies on his testimony and the language of the deed. He testified repeatedly that he never intended the conveyance as a gift and that he never used the word "gift." He said that he conveyed the one-half interest to Deborah in order to get some relief from the combined financial stresses of the cost of the

renovations and his debt to Judy Hardy. He points to the recitation in the deed that Deborah received the one-half interest in exchange for a cash payment and her assumption of one-half of the debt to Judy Hardy. The deed does not recite that the one-half interest conveyed is Deborah's separate property nor does it require that Deborah pay the assumed debt with separate funds. Leslie argues that, because Deborah bought the property during the marriage and was not restricted to paying the debt to Judy Hardy with separate property funds, her one-half interest is community property. He argues that the one-half interest is not a gift and cannot presumed to be separate property.

We conclude, however, that sufficient evidence supports the court's findings and conclusions. Leslie does not dispute that, while married to Deborah, he conveyed the one-half interest in the property to Deborah subject to her assumption of one-half of the note due to Judy Hardy. The presumption arises that this interspousal gift was Deborah's separate property. *See Roberts*, 999 S.W.2d at 431. The presumption is not overcome by the evidence that she assumed part of the debt. Deborah's testimony that this transfer was a gift distinguishes this case from *Ellebracht*, in which no one testified that the conveyance was intended as a gift and no one denied that the land transfer was a sale. *See Ellebracht*, 735 S.W.2d at 662. Although the deed recites that Deborah provided cash for the interest she received, there was no evidence of any amount delivered to Leslie. The only evidence regarding note payments was that Deborah had paid nothing to Judy Hardy because the note was not yet due; thus, no community funds were expended to facilitate the transfer. Further, the fact that the value of the interest conveyed (over $100,000) far exceeds the value Deborah agreed to supply (the undefined cash payment plus half of the $50,000 note to Judy Hardy), supports the finding that this transfer was a gift rather than a sale. *See id*. at 663.

8

Although there is conflicting evidence, we conclude that, even assessed against a clear-and-convincing standard, legally and factually sufficient evidence supports the conclusion and underlying findings that the conveyance of the one-half interest in the property was a gift to Deborah. We cannot say that the court erred by characterizing her interest as her separate property. We therefore do not disturb the district court's determination of the content of the community estate and find no cause to remand for reconsideration of the division of the community estate.

## CONCLUSION

We resolve all issues raised on appeal in favor of the division of property and affirm the decree.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: June 19, 2003

9