ACCEPTED
13-15-00222-cv
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/25/2015 11:40:08 AM
Dorian E. Ramirez
CLERK

**No. 13-15-00222-CV**
Thirteenth Court of Appeals, Corpus Christi

Donna Kahla Clark, Appellant

v.

Curtis Clark, Appellee

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/25/2015 11:40:08 AM
DORIAN E. RAMIREZ
Clerk

**APPELLANT'S FIRST AMENDED BRIEF**

David M. Ward
SBN: 20839850
7017 Ridge Hollow
Austin, Tx. 78750
davidward@swbell.net
512.338.4800
512.338.4801 (Fax)
Attorney for Appellant

**IDENTITY OF THE PARTIES AND COUNSEL**

Appellant: Donna Kahla Clark
Counsel:  David M. Ward
        SBN: 20839850
        7017 Ridge Hollow
        Austin, Tx. 78750
        davidward@swbell.net
        512.338.4800
        512.338.4801 (Fax)
Appellee:  Curtis Clark
Counsel:  Larry Adams
         SBN: 00869500
        Tower II
        555 N. Carancahua, Suite 870
        Corpus Christi, TX 78401
        361.887.7014
        361.887.7017 (Fax)

1

**TABLE OF CONTENTS**

Identity of the Parties and Counsel…………………………………………1

Table of Contents……………………………………………………….2

Index of Authorities…………………………………………………….2

Statement of the Case…………………………………………………....3

Statement on Oral Argument………………………………………………3

Issues Presented…………………………………………………………3

Statement of Facts……………………………………………………….3

Summary of the Argument………………………………………………3

Argument………………………………………………………………..4

Prayer……………………………………………………………………7

Certificate of Compliance…………………………………………………….

Certificate of Service………………………………………………………….

Appendix………………………………………………………………...8

**INDEX OF AUTHORITIES**

*Eggemeyer v. Eggemeyer*, 554 S.W. 2d 137,140 (Tex. 1977)…………..3
*Roberts v. Roberts*, 999 S.W. 2d 424, 432 (Tex. App.-El Paso 1999)…6
*Story v. Marshall*, 24 Tex. 306 (1859)…………………………………..6
*Vallone v. Vallone,* 644 S.W. 2d 455 (Tex., 1983)……………………..7
Sec. 3.001, 3.002, 3.003 Texas Family Code…………………………..4

## STATEMENT OF THE CASE

*Nature of the case:*  Dissolution of the marital relationship, involving only property issues, as the children had reached their majority.

*Trial Court*:  The Honorable Bobby Galvan, 94th Judicial District Court, Nueces County, Texas

*Trial Court's Disposition*:  Decree of divorce granted and property divided.

## STATEMENT ON ORAL ARGUMENT

Appellant makes no request for oral argument.

## ISSUES PRESENTED

Did the trial court err in awarding the Cullen Frost stock to Curtis as his separate property?

Did the trial court err in awarding the Gardendale stock Curtis received from his brother's estate to him as his separate property?

## STATEMENT OF FACTS

This appeal involves two mischaracterizations of marital property by the trial court in a divorce case. The first is Donna's Cullen Frost stock which had been in her name for 15 years. The trial judge divested her of this separate property and ruled it was Curtis's separate property. (CR 98, H-2) The second is the Gardendale stock which Curtis received after suing the Red Cross and his brother's estate.  Despite Curtis having received this stock during marriage by his toil and efforts, the trial court characterized it as Curtis's separate property. (CR 98, H-1)  Donna's appeal is that the Cullen Frost stock is her separate property, and the Gardendale stock Curtis got through his lawsuit is community property.

## SUMMARY OF THE ARGUMENT

The nature of property is fixed by the Texas Constitution, and not by what is "just and right."… Section 15, article XVI of the Texas Constitution declares that a wife's property, owned or claimed by her before marriage, and afterward

3

by gift, devise, or descent shall be the separate property of the wife. By reason of legislation, the husband's property is classified the same way. If one spouse's separate property may by reason of a divorce decree be changed from the separate property of the one spouse into the separate property of the other, there is a type of separate property not embraced within the constitutional definition of the term. *Eggemeyer v. Eggemeyer*, 554 S.W. 2d 137,140 (Tex. 1977)

## ARGUMENT

Sec. 3.001, Family Code: A spouse's separate property consists of:

1) The property owned or claimed by the spouse before marriage;
2) The property acquired by the spouse during the marriage by gift, devise or descent; and
3) The recovery for personal injuries….

Sec. 3.002:

Community property consists of property, other than separate property, acquired by either spouse during marriage.

Sec. 3.003:

a) Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.
b) The degree of proof necessary to establish that property is separate is clear and convincing evidence.

## CULLEN FROST STOCK

Donna's testimony:

Q: Explain to the court the circumstances of how you acquired the Cullen stock?
A: Back when I filed for divorce the first time…the attorneys decided we should go ahead and try to get the property settlement out of the way, so we could focus on the custody part. So we agreed to do that… I was taking the condo, and it had a balance, I mean it had a loan on it… Curtis owed $70,000 in child support. He had quit paying a long, long time ago when the divorce had been going on for three and a half years and he owed some money. He transferred $70,000 worth of stock to me for the child

4

support.  (RR 120)

Curtis's testimony:

Q: All right.  Now, at the – during the first divorce, you were ordered to pay child support, correct?
A: I - - that's a long time ago.  I - - I'm sure—I don't remember. (RR 21)

Q:  Well, how did the Cullen/Frost share stock get into Donna's name?
A:  That was a settlement prior that we- - we had intended as a settlement.
…
Q: Did you tell the Frost people to transfer those shares from your name into Donna's.
A: I'm sure at that time in part of the agreement to do that, and I fulfilled that part of the bargain. (RR 22)

Q:  Now, on August 27th of 1996, according to the Frost Bank records, you transferred the stock that is under consideration here, correct?
A: Correct.
…
Q: Have you made any attempt to get the stock back from Frost?
A:  No.  (RR 109-110)

Q:  And whatever it was that you received in that –in that divorce settlement continued on and likewise for the shares of stock?
A: Absolutely.  (RR 91)

Curtis never once, from 1996 to 2011, contested, or even mentioned, Donna's ownership of the stock, because he gave her the stock to settle the back support he owed.  When Donna refiled for divorce, the stock had risen significantly in value, and suddenly Curtis claimed it was his separate property.  Did he meet the standard of "clear and convincing" evidence to establish the stock was **his** separate property? No, his testimony established that he voluntarily transferred the stock to Donna in "a settlement."  He owed her $70,000 for court ordered child support. He never denied that the transfer of the stock was compensation for back support.

At trial, Curtis denied that the Lincoln Navigator he gave Donna on her birthday was a gift.  (RR 19)  He denied the car he gave his son was a gift.  (RR 21).  He said the only thing he'd ever given Donna was a watch , when she was claiming that he had stolen jewelry he had given her over the years worth scores of thousands of dollars.  (RR 124-125, Ex. P-5)

Where the conveyance is from one spouse to another, there is a presumption of gift. *Story v. Marshall*, 24 Tex. 306 (1859). In this case, it was in payment of a court ordered debt. It doesn't matter why Curtis transferred the stock, as he didn't claim fraud, accident, or mistake. ("While generally speaking, presumptions of separate property are rebuttable, in the absence of allegations such as fraud, accident or mistake, parole evidence is inadmissible…" *Roberts v. Roberts*, 999 S.W. 2d 424, 432 (Tex. App.-El Paso 1999.) For him to suggest that the transfer of the Frost stock was contingent on a divorce is ludicrous, but if it was, then Donna has fulfilled the condition, as the dissolution of the marriage has not been appealed and is final.

## GARDENDALE

Curtis's testimony:

Q: Okay. And when you filed this intervention and negotiated this settlement with the American Red Cross, you did so out of court?
A: Yes.
Q: And what did you receive?
A: The assets in Gardendale.
…
Q: And so as a result of the estate of Reed Clark and the settlement you made with the estate of Reed Clark, through those probate proceedings, you received the other half of Gardendale?
A: Correct. (RR 75, RR Exhibit Vol.18, P-4))

If a married man did this, would the results of his hiring a lawyer, filing a Petition in Intervention in his brother's probate case, negotiating the settlement of the case with his lawyer and the lawyers for his brother's estate and the lawyers for the Red Cross, and reviewing and signing releases, be community property or separate?

> "It is fundamental that any property or rights acquired by
> one of the spouses after the marriage by the toil, talent, industry,
> or other productive faculty belongs to the community estate."
> *Vallone v. Vallone,* 644 S.W. 2d 455 (Tex., 1983)

Curtis obtained 50% of the Gardendale stock, during his marriage to Donna, not by "gift, devise, or descent," because his brother didn't give it to him, and Reed left Curtis out of his will. Curtis had to sue the Red Cross and his brother's estate to get the Gardendale stock. By no stretch of the imagination can this interest be

6

characterized as Curtis's separate property.

The trial judge erroneously characterized this stock as Curtis's separate property, when, as a matter of law, it is community. Curtis's testimony is clear and convincing evidence the stock is community. The stock also constitutes most, if not all, of the community property. The properties owned by Gardendale had a value of well over $700,000. By awarding 50% of the Gardendale stock to Curtis as his separate property, the trial court made a hugely disproportionate award of the community estate, which was clearly an abuse of discretion. Had the stock been properly characterized, Judge Galvan probably would have awarded Donna 25%, as there was no evidence introduced which would permit an unequal distribution of the community estate.

## PRAYER

Donna Clark asks that the Court reverse the trial court's decision that the Cullen Frost stock is Curtis's separate property, and award it to Donna as her separate property, and reverse the trial court's decision that the Gardendale stock is Curtis's separate property, and award it to the community estate. Donna Clark asks the case be remanded for a proper division of the community estate, and requests her costs.

Respectfully submitted,

/s/ David M.Ward
David M. Ward


## CERTIFICATE OF COMLIANCE

This computer generated document has 1,741 words, including the caption, identity of the parties, index, statements, and certificates. The appendix is not included, pursuant to Rule 9.4 (i) (1).

## CERTIFICATE OF SERVICE

Appellant's First Amended Brief is being sent on September 24th, 2015, to Larry Adams, by email and fax.

/S/David M. Ward
David M. Ward

**APPENDIX**

**Judgment**

IN THE DISTRICT COURT'
OF NUECES COUNTY, TEXAS
THE 94th JUDICIAL DISTRICT OF TEXAS

| IN THE MATTER OF | § | |
| THE MARRIAGE OF | § | |
| | § | |
| DONNA KAHLA CLARK | § | CAUSE NO. 2011-FAM-4026-C |
| AND | § | |
| CURTIS CLARK | § | |

## FINAL DECREE OF DIVORCE NUNC PRO TUNC

It appearing to the Court that the Final Decree of Divorce previously entered contains clerical errors in the date of the Decree and Donna Clark's name change) the Court enters this Decree Nunc Pro Tunc.

On this the 3$^{rt1}$ day of February, 2014) the Court heard this case.

Petitioner, DONNA KAHLA CLARK. appeared in person and through attorney of record, David M. Ward, and announced ready for trial.

Respondent, CURTIS CLARK, appeared in person and through attorney of record, Larry J. Adams, and announced ready tor trial.

The record of testimony was duly reported by the court reporter for the *94th* Judicial District Court.

The Court finds that the pleadings of Petitioner are in due form and contain all the
allegations, information, and prerequisites required by law. The Court, after receiving
evidence, finds that it has jurisdiction of this case and of all the parties and that at least
sixty days have elapsed since the date the suit was filed.

A jury was waived and questions of law and fact were; submitted to the Court,

IT IS ORDERED AND DECREED that DONNA KAHLA CLARK, Petitioner, and CURTIS CLARK, Respondent, are divorced and that the marriage between them is
dissolved.

The Court finds that there is no child of the marriage of Petitioner and Respondent
now under eighteen years of age or otherwise entitled to support and that none is expected.

IT IS ORDERED AND DECREED that the husband, **CURTIS** CLARK. is

9

awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in that property:

H-I All household furniture, furnishings, fixtures, goods. art objects, collectibles. appliances, and equipment in the possession of the husband or subject to his sole control.

H-2 All clothing, jewelry" and other personal effects in the possession of the husband or subject to his sole control.

Ii-3 All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name r from which the husband has the sole right to withdraw funds or which are subject to e husband's sole control.

H-4 All sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other right s rela ed to any profit-sharing plan, retirement plan, Keogh plan, pension plan, empJoyee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past,

All policies of life Insurance (including cash values) insuring the husband's life.

H-6 All brokerage accounts. stocks, bonds, mutual funds, and securities registered in the husband's name, together with all dividends, splits. and other rights and privileges in. connect on with them.

H-7 . The 2004 Ford Explorer Sport Trac BUV motor vehicle, vehicle identification number IFMZU67KX4UD41335, together with all prepaid insurance, keys, and title documents,

H-8 . The 1973 Volkswagen Dune Buggy, identification number 1332334509, together with all prepaid insurance, keys. and title documents.

H-9 . The 1989 Pontiac Turbo Trans Am motor vehicle. vehicle identification number 1 5FW2174KL243612, together with all prepaid insurance, keys. and title document.

H- 10. The t 991 GMC Sonoma Cyclone Pickup Truck. vehicle identification number 1 DCTL4Z0M880J341, together with all prepaid insurance, keys: and title

10

documents

H-11 . The Honda Aquatrax F12-X Personal Water Craft Hull #HPSA 1154J 103 & 2003 Cara an PWC single trailer, identification number 5KTWS 13153F 104901, together with all prepaid insurance, keys. and title documents.

H-12 . All of the marital portion, if any, in and to the 5,850 shares of the Cullen Frost Bank shares, which the Court finds has been in the name of DONNA KARLA CLARK and in which the Court finds from the testimony of DONNA KAHLA CLARK that she has sold an undeslgnated number of shares and received therefrom the sum of seventy-five thousand dollars ($75,000.00). As a result thereof, in addition to the award of the remaining shares of stock to CURTIS CLARK herein, the Court ORDERS that the sum o seventy-five thousand dollars ($75,000.00) be ORDERED paid by DONNA KAHLALARK to CURTIS CLARK within thirty (30) days of the date of the signing of this Final Decree of Divorce by cashier's check.

IT IS 0RDERED AND DECREED that the wife, DONNA KARLA CLARK, is awarded the following as her sole and separate: property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1 . The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys. house plans, home security access and code, garage door opener, warranties and service contracts: and title and closing documents:

All of the marital portion, if any, in and to the Gulfstream Condo, Building S, unit 108, 0.7633 Common Area Interest in the City of Corpus Christi, Nueces County, Texas, according to the map or plat thereof 'On file in the map records of Nueces County, Texas, and more commonly known as 14810 Windward Drive, Unit 108, Corpus Christi, Texas 78418.

All of the marital portion, if any, in and to the 30 acres of land known as Tract 3, a 30.1+/- acre tract of land out of the Northeast part of Section 116. F.Z. Bishop, Subdivision of a. portion of the Driscoll ranch located in Bishop; according to the map or plat thereof on file in the map records of Nueces County, Texas, and more commonly known as County Road 77, Bishop, Texas 78343 ..

All of the marital portion, if any. in and to the Let 6, Block 5, QUAIL ALLEY, UNIT 2, a subdivision of Nueces County, Texas according to the nap or plat thereof on file in the map records of Nueces County, Texas, and more commonly known as 5417 Partridge Place, Robstown, Texas 78380.

W-2 . All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliance and equipment in the possession of the wife or subject to her sole control.

W-3 All clothing, jewelry, and other personal effects in the possession of the wife her sole control.

W . 4 All sums of cash in the possession of the wife or subject to her sole control including ds on deposit, together with accrued but unpaid interest, *in* banks, savings institutions or other financial institutions, which accounts stand in the husband's sole name or fr m which the wife has the sole right to withdraw funds or which arc subject to the wife's ole control.

W-4 . All sums, whether matured or unmatured, accrued or unaccrued. vested or otherwise. together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 40 J(k) plan, employee savings plan, accrued unpaid bonuses, disahility plan or other benefits existing by reason of the wife's past, present, or future employment, including but not limited to: Teachers Retirement System.

W -5 . All policies of life insurance (including eash values) insuring the wife's lite.

W-6 . All brokerage accounts, stocks, bonds, mutual funds, and securities registered the wife's name, together with an dividends, splits, and other tights and privileges in connection with them.

. W-7. The 2007 Lincoln Navigator motor vehicle, vehicle identification number 5LMFL27 87LJ09919. together with all prepaid insurance, keys, and title documents.

W-8 . The 2002 Mercedes Benz eLK 320 Coupe motor vehicle. vehicle identification number WDBL165G62TI 19495. together with all prepaid insurance, keys, and title documents.

. W-9  The 2006 Exis Living Qtrs. & 3 Horse Trailer, identification number 4LAAHI 1503436. together with all prepaid insurance, keys, and title documents.

W- 10. The PUG Model 4&0 Back Forty series 4x2 ATV. together with all prepaid insurance, eys7 and tide documents.

W - 2. The 2003 Honda 230F motorcycle, together with all prepaid insurance, keys. and . tie documents.

W· 3. The 2006 20 **ft** Godfrey Hurricane Sundcck Boat. Evinrude 115 HP outboard oat motor and McLane Aluminum boat trailer, identification number

12

4LYBA2 t 56H000433, together with all prepaid insurance, keys, and title documents.

W - '4. Three (3) horses.

This judgment is part of the division of community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or, child support .

IT IS ORDERED AND DECREED that the husband, CURTIS CLARK, shall pay. as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-I. The balance due, including principal. interest, and all other charges, on the promissory note payable to any lenders and given as part of the purchase price of and secured by lien on the motor vehicles herein awarded to the husband.

H-2 The following debts, charges, liabilities, and obligations;

Gerald Ashbrook, C.P.A.

Ronald J. Herrnann

Larry J. Adams attorney's fees

B-3 All debts, charges, liabilities, and other obligations incurred solely by the husband from  and after August 17, 2011; unless express provision is made in this decree to the contrary'

IT IS ORDERED AND DECREED that the wife, DONNA KAHLA CLARK, shall pay, a part of the division of the estate of the parties. and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:'

W-1 . The balance 'due, including principal, interest, tax, and insurance escrow, on the promissory note executed and secured by deed of trust on the real property herein awarded in  this decree to the wife.

W-2 . The balance due, including principal interest. and all other charges, on the promissory ' note payable to and lender and given as part of the purchase price of and secured b a lien on the motor vehicles herein awarded to the wife.

W-3 The following debts: charges, liabilities, and obligations:

David M. Ward's attorney's fees

13

W-4. All debts, charges, liabilities, and other obligations incurred solely by the the wife from and after August 17) 2011, unless express provision is made in this decree to the contrary.

W-5. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of *its* receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

IT IS ORDERED that the claim for reimbursement asserted by CURTIS CLARK in the amount of $186,766.00 against the property located at 5417 Partridge Place, Robstown, Texas 78380 set aside to DONNA KAHLA CLARK is denied as part of the just and right division of the property.

l'l' IS ORDERED AND DECREED that the following described property is confirmed as the separate property of DONNA KARLA CLARK:

W-l. The following real property, including but not limited to any escrow funds) prepaid insurance, utility deposits, keys, house plans, home security access and code, garage door opener. warranties and service contracts, and title and closing documents:

> The Gulfstream Condo, Building B. Unit 108,0.7633 Common Area Interest in the City of Corpus Christi, Nueces County, Texas, according to the map -or plat thereof on file in the map records of Nueces County. Texas, and more commonly known as 14810 Windward Drive, Unit 108. Corpus Christi, Texas 78418.

> The 30 acres of land known as Tract 3, a 30.1 +/- acre tract of land out of the Northeast part of Section 116, F .Z. Bishop, Subdivision of 8 portion of the Driscoll ranch located in Bishop, according to the map or plat thereof on file in the map records of Nueces County, Texas, and more commonly known as County Road 77, Bishop, Texas 78343.

> The Lot 6, Block 5, QUAIL VALLEY, UNIT 2, a subdivision of Nueces County, Texas according to the map or plat thereof on file in the map records of Nucces County. Texas, and more commonly known as 5417 Partridge Place, Robstown, Texas 78380.

IT IS ORDERED AND DECREED that the following described property is confirmed as the separate property of CURTIS CLARK~

14

H-1 . Gardendale Investment Company

H·2. 5,850 shares of the Cullen Frost Bank Shares

H-3. Lot 9, Block 1. COUNTRY CLUB ESTATES #27, a subdivision of Nueces County, Texas according to the map or plat thereof on file in the *map* records of Nueces County, Texas, and more commonly known as 4314 Boros Drive, Corpus Christi) Texas 78412

H-4. Lots 10 & 11, HIDDEN ACRES, a subdivision of Mathis according to the map or plat thereof on file in the map records of San Patricio County, Texas.

H,,5. Lot 4, Block $1S_t$ SOUTH BLUFF, a subdivision of Nueces County, Texas according to the map or plat thereof on file in the map records of Nueces County, Texas. and more commonly known as 1115 Laredo Street, Corpus Christi, Texas.

H-6. Lot 5~ Block 15. SOUTH BLUFF. a subdivision of Nueces County, Texas according to the map or plat thereof on file in the map records of Nueces County, Texas, and more commonly known as 11 t 7 Laredo Street, Corpus Christi, Texas.

H-7. Lot 6, Block 15. SOUTH BLUFF, a subdivision of Nueces County, Texas according to the map or plat thereof on file in the map records of Nueces County, Texas. and more commonly known as 1119 Laredo Street, Corpus Christi, Texas.

H .. 8. Lot 7~ Block 15, SOUTH BLUFF, a subdivision of Nueces County, Texas according to the map or plat thereof on tile in the map records of Nueces County, Texas, and more commonly known as 1121 Laredo Street, Corpus Christi, Texas.

H-9. All interest in Discount Internet Services Corporation.

To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees. expenses, and costs incurred as a result of legal representation in this case.

DONNA KAHLA CLARK is ORDERED to appear in the law offices of David Ward to execute, have acknowledged. and deliver to CURTIS CLARK these instruments:

> Stock transfer certificates and/or assignments of interest for the 5,850 shares of the Cullen Frost Bank Shares.

CURTIS CLARK is ORDERED to appear in the law offices of Larry J. Adams to execute, have acknowledged, and deliver to DONNA KARLA CLARK these Instruments:

15

Special Warranty Deeds for real property set aside to Wife, if any are required.

1.Certificates of title and/or Powers of Attorney to Transfer motor vehicles set aside to Wife) if any are required.

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce.

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

IT IS ORDERED AND DECREED that Petitioner and Respondent are discharged from all further liabilities and obligations imposed by the temporary orders, if any, of this Court.

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

Without affecting the finality of this final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

IT IS ORDERE~ AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment. for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

This divorce judicially PRONOUNCED AND RENDERED in Corpus Christi. Nueces County. Texas. on February 3. 2014, and further noted on the court's docket sheet on the same date, but signed on April 12, 2015.

/s/ Bobby Galvan
Judge Presiding

APPROVED AS TO FORM ONLY:

.~ .. ~-.-. -=
David M. Ward,
Attorney for Petitioner
State Bar No.: 20839850
7017 Ridge Hollow
Austin, Texas 78750
Telephone: (512) 338-4800

/s/ Larry Adams
Larry Adams
     SBN: 00869500
      Tower II
      555 N. Carancahua, Suite 870
      Corpus Christi, TX 78401
      361.887.7014
      361.887.7017 (Fax)

**Curtis Clark's Deposition Testimony:**

Q: So you have no idea how Mrs. Clark came about getting that (Cullen/Frost) stock, is that right?

A: Correct. (P. 58)